**Felix MADRIGAL RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–87–321–CR, 13–87–332–CR.**

Court of Appeals of Texas,
Corpus Christi.

April 7, 1988.

Rehearing Denied May 5, 1988.

Joseph A. Connors, III, McAllen, Alejandro Moreno, Jr., Edinburg, for appellant.

Ben Euresti, Jr., Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant guilty of two aggravated assaults. The trial court assessed punishment at 10 years for each offense and ordered the sentences to run consecutively. A fine of $3,500 was assessed in each case.

The evidence introduced by the State at trial showed appellant to be the jealous former husband of Norma Rodriguez, one of the victims. One evening, shortly after Norma returned to her home with a date, appellant knocked on her door and demanded that her date, Manuel Hinojosa, leave. As Hinojosa was leaving, appellant hit Norma. When Hinojosa came to her aid, a fight began which resulted in appellant's biting off Hinojosa's nose. Appellant then grabbed a knife, attacked, and beat Norma.

The grand jury indicted appellant for assaulting both Hinojosa and Norma. The

cases were tried together and are briefed together on appeal.

■ Appellant, in his first two points of error, challenges the sufficiency of the evidence to show that appellant caused bodily injury to Norma by using a butcher knife.

According to Norma, appellant, after fighting with Hinojosa, went into her kitchen, grabbed a knife, placed the tip of the knife on her throat, which caused her pain.

Appellant then forced Norma into the bedroom, where he threw her on the bed and placed the knife on the night stand. After that, Norma remembered very little. Norma testified that the knife introduced into evidence was the knife appellant grabbed.

For the conviction to stand, the evidence must show that appellant caused bodily injury to Norma by using a butcher knife. "Bodily injury" means physical pain, illness, or any impairment of physical condition. Tex.Penal Code Ann. § 1.07(a)(7) (Vernon 1974).

An appellate court reviews all the evidence, whether circumstantial or direct, in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455 (Tex.Crim.App.1984).

We have reviewed all of the evidence concerning the knife and find that a rational trier of fact could find it to be a butcher knife. Norma's testimony is sufficient to show that she suffered pain from appellant's use of the knife. Appellant's first and second points of error are overruled.

Appellant, in points of error five through nineteen, claims that he was denied a variety of federal and state rights when the trial court refused to let appellant's mother testify. Before trial, appellant invoked "the rule." *See* Tex.Code Crim.Proc.Ann. arts. 36.05 & 36.06 (Vernon 1981). Tex.R.Crim. Evid. 613.

During his case-in-chief, appellant called his mother to testify. The State informed the court that the witness had been seen in the courtroom during previous testimony.

At a hearing outside the jury's presence, appellant's mother testified that she had not been in the courtroom but had talked to appellant during lunch about the case. At that point, the State requested that the witness be disqualified. The trial court then ruled that the witness would not be allowed to testify. Appellant then asked to recall the witness to "ask her exactly what was discussed about the case," but the State injected that counsel could do that after the trial was over. The court then ruled that appellant could make an "exception" later on.

After both parties had closed, appellant called his mother to testify concerning the rule violation. She stated that appellant had asked her if she was going to be a witness but that they did not discuss "what they were talking about here." She denied ever being in the courtroom or discussing matters testified to in court.

■ When the trial court ruled that the witness would not be allowed to testify, evidence had been presented that the witness had talked to appellant about the case. In addition, appellant made no specific objection to the trial court's ruling but now raises a series of specific points of error relating to the exclusion. Generally, a specific objection pointing out reasons for error is necessary to preserve error. *Zillender v. State,* 557 S.W.2d 515 (Tex.Crim. App.1977). In addition, the point of error presented on appeal must comport with the specific objection voiced at trial. *Carillo v. State,* 591 S.W.2d 876 (Tex.Crim.App.1979). A defendant must object when the trial court excludes the testimony of one of his witnesses. *Johnson v. State,* 629 S.W.2d 731 (Tex.Crim.App.1981). Since no specific objection was voiced at trial, the specific grounds raised on appeal have not been preserved for review.

■ Assuming, however, that appellant preserved error, no error is shown. The parties agree that the witness was under "The Rule." When the trial court ruled that the witness was disqualified, the record showed, albeit in only general terms, that the witness had talked about

the case with appellant. It is in this context that we address the trial court's ruling.

Rule 613, as appellant implicitly notes, does not specifically authorize the trial court to disqualify a witness who has talked about the case with another witness. Neither do Tex.Code Crim.Proc.Ann. arts. 36.05 or 36.06 (Vernon 1981).

Cases from other jurisdictions cited by appellant suggest that a defense witness should not be disqualified by a rule violation, but should be allowed to testify subject to the prosecutor's impeachment on the violation. *See United States v. Schaefer,* 299 F.2d 625 (7th Cir.1962); *State v. Shoemaker,* 500 So.2d 385 (La.1987).

Texas decisional law, however, has long given the trial court power to disqualify a witness who has violated the rule. *Beecham v. State,* 580 S.W.2d 588 (Tex.Crim. App.1979). *See Cooper v. State,* 578 S.W. 2d 401 (Tex.Crim.App.1979). *See also Mitchell v. State,* 608 S.W.2d 226 (Tex. Crim.App.1980).

The trial court did not err in excluding the witness. Even if it did, we also find the error harmless. In determining harm, we consider all the evidence presented at trial and the evidence which would have been presented through appellant's mother.

The main contested issue at trial was whether appellant acted in self-defense. A collateral issue was whether appellant lived with Norma. Norma testified that appellant did not live with her. Appellant testified that he and Norma lived apart following the divorce but that he had moved back with Norma and was living with Norma when the offense occurred.

Appellant's mother, had she been allowed to testify, would have contradicted Norma. Specifically, she would have testified that appellant lived with Norma. Appellant's mother, however, did not have any direct knowledge of her son's residence at the time of the offense. She lived in Corpus Christi and had not been to Brownsville since the September before the assaults. At best, her testimony shows that appellant was sometimes at Norma's house when she would telephone. How many times she telephoned, or how many times she found appellant there, is not in the record.

Appellant testified that he lived with Norma, yet his testimony on this matter is not convincing. On the night of the offense, according to him, he was looking for Norma, went to the house, and rang the doorbell. When no one answered, he knocked on the door, and then left. Later, he returned and again rang the doorbell. It strikes us as peculiar that someone who lived in the house would first ring the doorbell, knock on his own door, leave when no one answered, and then return and ring the doorbell.

Other witnesses testified concerning this subject. Appellant's witness, Christina Saldavar, a neighbor, testified that she would see appellant at the house but was not sure if appellant was living at the house around the time of the offense. She saw his truck there all the time and him outside with his boys.

State's witness LuAnn Shank testified that she would always go to Norma's house and that appellant did not live there at the time of the offense. She testified that she spent much time at the house, that appellant was never around, and that she did not see any of his clothes there.

Obviously, whether appellant lived with Norma was controverted and the issue was relevant to Norma's credibility. However, given that the excluded testimony was of questionable value, that appellant's own testimony on the subject was weak, that the matter itself touched on a matter only collateral to the offense, and that evidence of appellant's guilt was overwhelming, the error, if any, was harmless. Appellant's points of error concerning this subject are overruled.

■ In points of error twenty-two through twenty four, appellant contends that the trial court erred in refusing to admit into evidence photographs showing the injuries appellant sustained in the assault. On direct examination, appellant's counsel asked appellant if the photographs depicted him as he appeared shortly after

the offense. Appellant replied, "No. It was worse." When counsel offered the photographs, the State objected, specifically stating that appellant had testified that the photographs did not depict his appearance. The trial court informed counsel that the objection would be sustained "until the proper...." At that time, appellant's counsel did not lay the proper predicate but moved to other matters. Appellant was not prevented from asking the witness if the photographs accurately depicted his appearance when taken. Since appellant did not establish the proper predicate, no error is shown. Appellant's points twenty-two through twenty-four are overruled.

■ In point twenty-seven, appellant complains that the trial court commented on the weight of the evidence when the following transpired at the conclusion of Norma's testimony.

THE COURT: May this witness be excused?

MR. ROSAS (Defense Counsel): Yes.

THE COURT: Thank you so much.

No objection was raised at trial. Even if the court's courtesy could be construed as a comment on the weight of the evidence, nothing is presented for review in the absence of an objection. *Varela v. State*, 561 S.W.2d 186 (Tex.Crim.App.1978). *See* Tex. Code Crim.Proc.Ann. art. 38.05 (Vernon 1979). This point is overruled.

■ In points twenty-eight through thirty, appellant contends that the trial court erred in instructing him in the jury's presence that he had a right not to testify. Appellant did not object when warned. Nothing is preserved for appellate review. *Taylor v. State*, 462 S.W.2d 291 (Tex.Crim. App.1971). Points twenty-eight through thirty are overruled.

The State concedes that appellant's thirty-first point has merit. The issue, however, is now moot. *See Ex parte Rodriguez*, 744 S.W.2d 361 (Tex.App.—Corpus Christi 1988, no pet.). The point is therefore overruled.

■ In points thirty-two and thirty-three, appellant complains that the trial court's order cumulating the punishments in the two cases is void. We agree that the cumulation orders in both cases are insufficient, but we will reform the judgments in both cases to reflect the trial court's intent. The courts of appeals and the Court of Criminal Appeals have the authority to reform and correct cumulation orders when the necessary data is contained in the record. *Banks v. State*, 708 S.W.2d 460 (Tex.Crim.App.1986).

As noted above, appellant was convicted for both aggravated assaults. At the same punishment hearing, the trial court assessed punishment for the conviction in 87–CR–247–C first and then for 87–CR–248–C. At the State's request, the trial court stated that the sentences would run consecutively.

In the written judgments, the trial court ordered each sentence to run consecutively with the other. Since it was the trial court's stated intent to run the sentences consecutively, we will reform each sentence. The offenses were tried together before the same judge and jury in the 197th District Court, Cameron County. The written judgments, however, show conviction in the 103rd District Court. The judgments are reformed to show conviction in the 197th District Court.

In addition, the cumulation order in 87–CR–247–C is deleted. The sentence in 87–CR–248–C is reformed to show that the sentence in 87–CR–248–C shall begin when the ten-year sentence imposed for aggravated assault in 87–CR–247–C, a conviction taken in the 197th District Court, Cameron County, Texas, on July 17, 1987, has ceased to operate. As the Court of Criminal Appeals noted in *Banks*, reformation is possible because the appellate court has the information suggested for cumulation as provided in *Ward v. State*, 523 S.W.2d 681 (Tex.Crim.App.1973). In light of our reformation, appellant's points requesting deletion of the cumulated sentences are overruled.

Appellant, in his third, fourth, twentieth, twenty-first, twenty-fifth, and twenty-sixth points of error, complains that he was denied effective assistance of counsel. In

determining whether trial counsel provided appellant with the counsel guaranteed by the State and Federal Constitutions, we use the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim.App.1986).

■ In order to gain reversal, appellant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Hernandez*, 726 S.W.2d at 55.

Appellant argues that counsel was ineffective because he 1) solicited evidence that the knife produced pain and thereby proved one element of the State's case; 2) failed to investigate whether appellant lived with Norma; and 3) failed to lay the "most proper" predicate for the admission of the photographs showing appellant's wounds.

In determining whether counsel provided reasonably effective assistance, we review counsel's representation of appellant. Appellant's counsel conducted an effective voir dire. At trial, counsel cross-examined the State's key witnesses at length, made a number of proper objections, made a coherent opening statement, appeared to be well-versed in the facts and issues of the case, and made a coherent closing argument.

■ On the specific matters raised by appellant on appeal, we agree that counsel should have developed the proper predicate to allow introduction of the photographs showing appellant's wounds. Appellant, however, testified about his wounds in some detail. While the photographs may have corroborated his testimony, counsel's error here is insufficient to cause reversal.

■ As to appellant's assertions that counsel helped the State prove its case, we do not agree that counsel's questioning amounted to error. Counsel was attempting to get Norma to clarify where appellant caused her pain. While Norma testified to facts injurious to appellant, the questions asked by counsel legitimately inquired into a key area.

■ Appellant's counsel, at the new-trial hearing, admitted that he did not investigate whether appellant lived with Norma at the time of the offense. Although that matter ultimately was contested at trial, it was a collateral one and certainly could not have been considered a major issue before trial.

While counsel may have made some errors in hindsight, there is not a reasonable possibility that but for the errors, the result of the proceedings would have been different. All of appellant's points challenging the effectiveness of counsel are overruled.

During oral submission of this case, appellant requested to file a supplemental brief raising an additional point of error challenging the sufficiency of the evidence. Appellant claims that the court's charge required the jury to find that he caused *serious* bodily injury to Norma Rodriguez, even though the indictment only alleged *bodily injury*. Under the authority of *Benson v. State*, 661 S.W.2d 708 (Tex.Crim. App.1983), appellant requests an acquittal in 13–87–321–CR.

We have reviewed the record and find that the charge required the State to prove only *bodily injury*. The charge, as reproduced in appellant's brief, erroneously includes the term "serious." In reproducing the charge, appellant apparently mistyped the required elements of the offense.

Accordingly, appellant's request to file a supplemental point of error is overruled.

The judgments of the trial court are REFORMED, and as REFORMED ARE AFFIRMED.