Opinion issued May 23, 2002















In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00039-CR

____________


CRAIG CLEVELAND GALLOWAY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 835988






O P I N I O N The jury convicted appellant Craig Cleveland Galloway of sexual assault of a
child. The jury also found true the enhancement allegation of a prior murder
conviction, and it assessed punishment at 14 years imprisonment. See Tex. Penal
Code Ann. § 22.011 (Vernon 1994). Appellant brings five points of error, relating
to the exclusion of evidence and challenging the legal and factual sufficiency of the
evidence. We affirm.

Facts A.D.C., a 15-year-old girl, testified that she and appellant (1) engaged in sexual
intercourse on four separate occasions. Appellant did not testify at trial.

 A.D.C. testified she lived in the Sandhouse Apartments with her mother. In
September 1999, A.D.C. met her neighbors, 22-year-old Amy Crawford and 29-year-old Kristy Lemley. A.D.C. and Crawford became friends and routinely spent time
together at Crawford's apartment. Crawford tutored and assisted A.D.C. with her
algebra homework.

 Appellant moved into the Sandstone Apartments in November 1999. Shortly
thereafter, appellant was introduced to A.D.C. while both were present at Crawford's
apartment. During November, appellant lost 10 dollars she borrowed from her
mother. A.D.C. testified appellant offered to replace A.D.C.'s 10 dollars in return for
"10 dollars worth of smooches." A.D.C. accepted the 10 dollars from appellant. 
Appellant later kissed A.D.C. on her cheek and further exchanged kisses on the lips
with A.D.C. on five subsequent occasions.

 Crawford testified that, beginning December 10, 1999, she regarded appellant
as her boyfriend. A.D.C. testified that Crawford saw her kiss appellant while
Crawford and appellant were dating.

 A.D.C. testified that, before Christmas break, she received a note from a
school-aged friend. The note in pertinent part reads, "But noway, what's up b-tween
you and Craig [Appellant] still got booty call!" The note was written before any
sexual encounters between A.D.C. and appellant. Additionally, A.D.C. and the
author of the note agree that the term "booty call" is a reference to A.D.C. and
appellant "kissing and hugging."

 A.D.C.'s mother became unexpectedly ill and was hospitalized from December
23, 1999 to January 4, 2000. While hospitalized, A.D.C.'s mother made
arrangements for A.D.C. to stay with Crawford. During this time A.D.C. testified that
appellant began to repeatedly visit her in her mother's apartment. Appellant invited
A.D.C. to have sexual intercourse on several of these occasions. A.D.C. informed
appellant that she was a virgin and wanted to wait until she married to have sex. 
However, after repeated invitations, A.D.C. finally had sex with appellant. At trial,
A.D.C. admitted that she had sex with appellant because she wanted to please him. 
A.D.C. testified that she had sex with appellant on three additional occasions at her
apartment before her mother returned from the hospital. According to A.D.C.,
appellant urged her not to tell anyone about their sexual encounters. Crawford
testified that A.D.C. and appellant were never alone together. 

 After her return, A.D.C.'s mother noticed a change in complaint's normal
behavior. A.D.C.'s mother testified that, on her return, A.D.C. was angry, weepy, and
withdrawn and that A.D.C. scratched the word "hate" into her arm with broken glass. 
A.D.C. testified that her mother threatened to send her to military school or an
alternative school.

 A.D.C.'s mother testified that she went to Crawford's apartment to inquire
about A.D.C.'s sudden change in behavior. Present at Crawford's apartment were
Crawford, appellant, and Kristy Lemley. Appellant was talking on the telephone. 
A.D.C.'s mother told Crawford, appellant, and Lemley that she would no longer allow
A.D.C. to spend time with them outside her apartment. Her reasoning was based
upon the discrepancy of age between A.D.C. and Crawford, appellant, and Lemley. 
During this visit, and after appellant hung up the telephone, he declared that his ex-girlfriend was HIV-positive.

 The next day, while searching in A.D.C.'s purse, A.D.C.'s mother discovered
the note written by A.D.C.'s school-aged friend. A.D.C.'s mother interpreted the
expression "booty call" to mean a sexual reference to A.D.C. and appellant. A.D.C.'s
mother confronted appellant and A.D.C. simultaneously for an explanation. A.D.C.'s
mother testified that appellant's response to the letter was, "it wasn't cool, that I could
get into a lot of trouble with a note like that going around."

 That same week, A.D.C. learned from her mother that appellant's ex-girlfriend
was HIV- positive. A.D.C. testified that she then visited a school teacher concerning
AIDS. A.D.C. confessed to her mother that she and appellant had sex, and A.D.C.
asked her mother to make an appointment to see a doctor.

 A.D.C. was examined by a nurse at the Children's Assessment Center (CAC)
and reported that she had been raped--that the appellant had "convinced" her to have
sex. A.D.C. entered counseling thereafter. The counselor testified that the A.D.C.
exhibited behavior consistent with her having been sexually assaulted.

Discussion


Exclusion of Evidence

 In points of error one through three, appellant argues that the court erred in
excluding sexual statements allegedly made by A.D.C. The comments made by
A.D.C. and offered for proof by the appellant include that she: (1) wished her
boyfriend had moved to the apartment complex so she could "get her some"; (2)
offered to give a "blow job to a boy on the school bus"; and (3) stated on one
occasion that her mother was in their apartment "getting her some, and if it had been
her she would have been doing the same thing."

 Defense counsel on two occasions tried to admit the sexual statements: (1)
during the cross-examination of A.D.C. and (2) during the direct examination of
Crawford. 

 Appellant's counsel offered no specific explanation for admitting the evidence
when questioning A.D.C. However, during Crawford's testimony, appellant's
counsel proffered this evidence specifically to impeach prior testimony offered by
A.D.C.'s mother. Appellant argues that the statements are admissible based on three
exceptions enumerated by Texas Rule of Evidence 412, commonly referred to as the
Texas rape-shield rule.

 Texas Rule of Evidence 412(b) states in part:

 [E]vidence of specific instances of an alleged victim's past sexual
behavior is also not admissible, unless:

 . . .

 (2) it is evidence:

 (A) that is necessary to rebut or explain scientific or
medical evidence offered by the State;

 . . .

 (C) that relates to the motive or bias of the alleged victim;

 . . .

 (E) that is constitutionally required to be admitted . . . .

 Appellant has failed to preserve his argument that A.D.C.'s statements are
admissible because his trial objection does not comport with his argument on appeal. 
In order to preserve error, the purpose now asserted by appellant should have been
specifically set forth at trial. Driggers v. State, 940 S.W.2d 699, 710 (Tex.
App.--Texarkana 1996, pet. ref'd). A specific objection pointing out reasons for
error is necessary to preserve error. Rodriguez v. State, 749 S.W.2d 576, 578 (Tex.
App.--Corpus Christi 1988, pet. ref'd). In Rodriguez, the defendant's witness was
denied the right to testify, and defendant made no specific objection to the trial
court's ruling. Id. A defendant must object when the trial court excludes the
testimony of one of his witnesses. Id. Since no specific objection was voiced at trial,
the specific grounds raised on appeal were not preserved for review. Id. In this case,
appellant made no specific objection when questioning A.D.C. and now attempts to
argue specific grounds on appeal. 

 We overrule points of error one through three.

Sufficiency of the Evidence

 In points of error four and five, appellant contends the evidence is legally and
factually insufficient to support his conviction. 

 The critical inquiry on review of the legal sufficiency of the evidence to
support a criminal conviction is whether the evidence in the record could reasonably
support a finding of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 
307, 319, 99 S. Ct. 2781, 2783 (1979). This inquiry does not require this Court to ask
whether we believe that the evidence at the trial established guilt beyond a reasonable
doubt. 443 U.S. at 318-19, 99 S. Ct. at 2789. Instead, the relevant question is
whether, after viewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. 443 U.S. at 319, 99 S. Ct. at 2789. This familiar standard gives
full play to the responsibility of the trier of fact to fairly resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic facts
to ultimate facts. 443 U.S. at 319, 99 S. Ct. at 2789; Santellan v. State, 939 S.W.2d
155, 160 (Tex. Crim. App. 1997); Howley v. State, 943 S.W.2d 152, 155 (Tex.
App.--Houston [1st Dist.] 1997, no pet.).

 In making its decision, the Court must determine that the essential elements of
the crime have been proven beyond a reasonable doubt. Jackson, 443 U.S. at 319, 99
S. Ct. at 2789. Appellant was convicted of sexual assault of a child. The crime of
sexual assault of a child reads in part:

 (a) A person commits an offense if the person:

 . . .

 (2) intentionally or knowingly:

 (A) causes the penetration of the anus or female
sexual organ of a child by any means . . . .

 . . .

 (c) In this section:

 (1) "Child" means a person younger than 17 years of age
who is not the spouse of the actor.

Tex. Penal Code Ann. § 22.011(a)(2)(A), (c)(1) (Vernon Supp. 2002).

 Appellant claims there is legally insufficient evidence to support his
conviction. We disagree. Based on the evidence, a rational jury could have found
appellant guilty of the crime of sexual assault of a child. A.D.C., a 15-year-old and
not the spouse of appellant, testified that she engaged in sexual intercourse with
appellant on four occasions. The State offered as evidence a medical examination of
A.D.C., which revealed that her hymen was worn in a manner consistent with a penile
penetration. A.D.C. testified to being a virgin before having sex with appellant. 
Additionally, on learning that appellant's girlfriend had tested positive for HIV,
A.D.C. sought the counsel of a school teacher regarding AIDS. Finally, a
professional counselor who treated A.D.C. in February 2000 also testified that A.D.C.
exhibited behavior typically exhibited by sexual-assault victims. Viewing the
evidence in the light most favorable to the verdict, we hold the jury could have found
beyond a reasonable doubt the essential elements of the crime.

 Appellant requests that the Court expand the current legal-sufficiency test
under Jackson v. Virginia. We decline this invitation and follow the Jackson standard
of review. 

 We overrule point of error four.

 Appellant next contends the evidence is factually insufficient to support his
conviction. In reviewing factual sufficiency, we examine all of the evidence neutrally
and ask whether proof of guilt is so obviously weak or greatly outweighed by
contrary proof as to indicate that a manifest injustice has occurred. King v. State, 29
S.W.3d 556, 563 (Tex. Crim. App. 2000); see Clewis v. State, 922 S.W.2d 126, 134
(Tex. Crim. App. 1996).

 In making his factual-sufficiency challenge, appellant takes issue with the
State's case on four grounds. First, appellant claims that A.D.C. testified to an
"impossible time line." Second, appellant argues the evidence is insufficient because
A.D.C. only told her mother she had sex with appellant because her mother badgered
her and threatened to send her to an alternative school. Third, appellant claims the
evidence is insufficient because, even though A.D.C.'s mother testified that A.D.C.
carved the word "hate" into her arm, the CAC's medical records for A.D.C. do not
contain the reference to such a mark. Fourth, appellant argues that the therapist who
treated A.D.C. did not make any independent effort to determine whether A.D.C.'s
allegations were true.

 The weight to be given contradictory evidence is within the sole province of
the jury, because it turns on an evaluation of credibility and demeanor. Cain v. State,
958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). An appellate court must show
deference to such a jury finding. Id. at 409. We note that a decision is not manifestly
unjust merely because the factfinder resolved conflicting views of the evidence in
favor of the State. Id. at 410. After reviewing all the evidence, we conclude that the
verdict is not so obviously weak or greatly outweighed by contrary proof as to
indicate that a manifest injustice has occurred.

 We overrule point of error five.


Conclusion

 We affirm the trial court's judgment.

 

Sherry J. Radack

Justice


Panel consists of Justices Taft, Radack, and Price. (2)

Do not publish. Tex. R. App. P. 47.4.
1. A.D.C. testified that appellant was in his twenties. According to the record,
appellant's birthday is July 7, 1972.
2. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.