Affirmed and Memorandum Opinion filed August 2, 2007








Affirmed and Memorandum Opinion filed August 2, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00455-CR

____________

 

MARCUS WAYNE HARDGE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1045309

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Marcus Wayne Hardge, appeals his conviction for
felony possession of cocaine with intent to deliver.  In a single issue,
appellant argues the trial court erred when it excluded the testimony of a
defense witness when the witness violated Texas Rule of Evidence 614.  We
affirm.








Factual and Procedural Background

On October 27, 2005, Harris County homicide detectives
Wischkoski and Pinkins were conducting an investigation.  Wischkoski received
information from a civilian informant, who then led Detective Wischkoski to a
residential neighborhood where the informant identified appellant as appellant
drove into the neighborhood.  Appellant drove into a driveway and got out of
his vehicle.  Appearing to notice Detective Wischkoski=s parked vehicle,
appellant got back into his vehicle and drove off.  Detective Wischkoski
followed and when appellant stopped for a stop sign, Detective Wischkoski
pulled up next to appellant, showed his badge and asked appellant to pull
over.  Appellant made a left turn and then turned into a driveway.  Detective
Wischkoski then instructed appellant to get out and move to the back of his
vehicle, which appellant did.

Detective Wischkoski patted appellant down for weapons and
informed appellant they were investigating another offense and wanted to speak
to him regarding their investigation. Appellant cooperated with the detectives
and gave his verbal consent to search his vehicle.  Detective Wischkoski then
asked appellant to sign a written consent form.  After appellant read the form,
he signed it in the presence of detectives Wischkoski and Pinkins.  As
Detective Wischkoski moved to search appellant=s vehicle,
appellant told Detective Wischkoski Ait was under the
driver=s side seat.@  Not knowing what
appellant meant, Detective Wischkoski asked appellant what was under the seat. 
Appellant told Detective Wischkoski it was in a purple bag.  Detective
Wischkoski then retrieved a purple Crown Royal bag from under the driver=s side seat. 
Inside the bag, Detective Wischkoski discovered  54.42 grams of cocaine.








At the start of appellant=s trial, appellant
invoked Texas Rule of Evidence 614, commonly referred to as Athe Rule.@  Tex. R. Evid.
614.  The Rule provides that, at the request of a party, the trial court shall
order witnesses excluded from the courtroom so that they cannot hear the
testimony of the other witnesses.  Id.  Following the State=s case in chief,
appellant called Shantel McCall to testify.  One of the State=s prosecutors then
informed the  trial court she had observed Ms. McCall propping the courtroom
door open listening to the testimony of the State=s witnesses.  The
following exchange then occurred:

[APPELLANT=S COUNSEL]:       I want to make
sure you know I didn=t know anything about that.

TRIAL COURT:                          Of
course not.  Bottom line is the effect is the same.

[APPELLANT=S COUNSEL]:       I agree.  So that
takes care of her testimony.

THE COURT:                             Okay.

*        *       *

[APPELLANT=S COUNSEL]:       Defense would
rest and close.

 

The jury found appellant guilty of felony possession of
cocaine with intent to distribute. Tex. Health & Safety Code Ann. ' 481.112(d).
Appellant=s conviction was enhanced by two prior felony
convictions and the jury sentenced appellant to seventy-five years= confinement in
the Institutional Division of the Texas Department of Criminal Justice. Tex.
Pen. Code Ann. ' 12.42(d).

Discussion

In a single issue, appellant argues the trial court abused
its discretion when it excluded Ms. McCall=s testimony as a
sanction for violating Rule 614.  In response, the State asserts appellant
waived this issue on appeal as appellant did not assert any type of objection
or complaint in response to the trial court=s decision to
exclude Ms. McCall.  We agree with the State.








Generally, a specific objection pointing out reasons for
error is necessary to preserve error for appellate review.  Tex. R. App. P.
33.1(a)(1)(A).  Requiring a party to lodge an objection with the trial court
(1) ensures that the trial court will have an opportunity to prevent or correct
errors, thereby eliminating the need for a costly and time-consuming appeal and
retrial; (2) guarantees that opposing counsel will have a fair opportunity to
respond to complaints; and (3) promotes the orderly and effective presentation
of the case to the trier of fact.  Gillenwaters v. State, 205 S.W.3d
534, 537 (Tex. Crim. App. 2006).  A defendant must object when the trial court
excludes the testimony of one of his witnesses.  Madrigal Rodriguez v. State, 749 S.W.2d 576, 578
(Tex. App.CCorpus Christi 1988, pet. denied).  In addition, the
issue raised on appeal must comport with the specific objection voiced at
trial.  Id.  Here, the record indicates that not only did appellant not
lodge a contemporaneous objection to the trial court=s exclusion of Ms.
McCall, but voiced agreement with the trial court that exclusion was an
appropriate sanction for Ms. McCall=s violation of the
Rule. Since no objection was voiced during appellant=s trial, this
issue has not been preserved for appellate review.  Id.  We overrule
appellant=s only issue on appeal.

Conclusion

Having overruled appellant=s single issue on
appeal, we affirm the judgment of the trial court.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 2, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P.
47.2(b).