

NUMBERS   13-11-00202-CR
13-11-00203-CR
13-11-00216-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**ARIN LARON ANTWINE,**                                  **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                     **Appellee.**

### On appeal from the 252nd District Court
### of Jefferson County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Vela, and Perkes**
**Memorandum Opinion by Justice Rodriguez**

Appellant Arin Laron Antwine challenges his sentences for his two convictions for

possession of a controlled substance (appellate cause numbers 13-11-00202-CR and

13-11-00216-CR) and one conviction for unauthorized use of a vehicle (appellate cause

number 13-11-00203-CR). *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010); TEX. PENAL CODE ANN. § 31.07 (West 2003). In each of the foregoing cases, the trial court revoked Antwine's deferred-adjudication community supervision, adjudicated his guilt, and sentenced him to two years' incarceration in the State Jail Division of the Texas Department of Criminal Justice. The trial court ordered the sentences to run consecutively. In an identical single appellate issue in each cause number, which causes we consolidate and address together in this opinion, Antwine complains that the trial court's sentence-cumulation orders were legally insufficient and therefore void. We modify the trial court's judgments adjudicating guilt and affirm those judgments as modified.

## I. BACKGROUND[1]

The State indicted Antwine for two possession of a controlled substance offenses—trial court cause numbers 96380 and 97138—and one unauthorized use of a vehicle offense—trial court cause number 97626. At a single hearing in January 2008, Antwine pleaded guilty to each offense, and the trial court placed Antwine on five years' deferred-adjudication community supervision for each offense.[2]

The State later filed motions to revoke Antwine's deferred-adjudication community supervision in each cause, alleging that Antwine had violated various terms of his deferred-adjudication community supervision. The trial court again held a single hearing

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] It appears from the record that Antwine was also indicted for an additional possession of a controlled substance offense (trial court cause number 02295). At the same January 2008 hearing, Antwine also pleaded guilty to and was given deferred-adjudication community supervision for this additional offense.

2

on the motions to revoke, at which it found that Antwine violated the terms of his deferred-adjudication community supervision and revoked Antwine's community supervision for all three offenses. The trial court adjudicated Antwine's guilt and, for each offense, sentenced Antwine to two years' incarceration in state jail.[3] The sentences were ordered to run consecutively both orally by the trial court at the revocation hearing and in the written judgments of conviction.

The relevant portions of trial court's adjudications of guilt, sentences, and oral pronouncements regarding the cumulation of the sentences follow:

> [In] Cause No. 2295, . . . I find you guilty of the offense of possession of a controlled substance. . . . I assess your punishment at two years confinement in the state jail.
>
> . . . .
>
> In Cause No. 97626[,] . . . I now find you guilty of the offense of unauthorized use of a motor vehicle. . . . I assess your punishment at two years confinement in the state jail. . . . Cause No. 97626 will run consecutive to Cause No. 2295. . . .
>
> . . . .
>
> [In] Cause No. 97138[,] . . . I now find you guilty of the offense of possession of a controlled substance. . . . I assess your punishment at two years confinement in the state jail. . . . Cause No. 97138 will run consecutive to Cause No. 97626. . . .
>
> . . . .
>
> [And in] Cause No. 96380[,] . . . I now find you guilty of the offense of possession of a controlled substance. . . . I assess your punishment at two years confinement in the state jail. . . . Cause No. 96380 will run

---

[3] At the revocation hearing, the trial court also revoked Antwine's deferred-adjudication community supervision in cause number 02295, adjudicated his guilt, and sentenced him to two years' incarceration for that offense. Antwine also appealed his conviction in that cause number but that appeal was dismissed by this Court and that cause is not before us in this appeal. However, in so far as the trial court's cumulation orders reference cause number 02295, we will refer to it as necessary in addressing the court's orders and our modification of those orders.

consecutive to Cause No. 97138.

The cumulation orders in Antwine's written judgments of conviction differed from the above oral pronouncements. The judgment for cause number 96380 stated, "This sentence shall run consecutive upon completion of cause 07-02295." (Emphasis omitted.) The judgment for cause number 97138 stated, "This sentence shall run consecutive upon completion of cause 96380." (Emphasis omitted.) The judgment for cause number 97626 stated, "This sentence shall run consecutive to cause 97138." Antwine appeals from those judgments.

## II. DISCUSSION

### A. Cumulation Orders

By his sole issue in each appellate cause number, Antwine argues that the trial court's written cumulation orders in the judgments of conviction are void because they (1) "fail[] to state any of the proper elements required by law," and (2) "fail[] to support the validity of the oral cumulation order[s] made in open court." The relief Antwine prays for is "remov[ing] all reference [in the judgments] to [his] sentence[s] running consecutively to any other" and modification of the judgments to order that his sentences "run concurrently." *See Ex parte Hernandez*, 758 S.W.2d 594, 596 (Tex. Crim. App. 1988) (en banc) ("It is observed that where the sentence is silent as to any order of cumulation of sentences or there is an improper order of cumulation the sentence will automatically run concurrently with any other outstanding sentence.") (citations omitted).

"It has been recommended that [a trial court's orders cumulating a defendant's sentences] contain:

(1) the trial court number of the prior conviction;

4

(2) the correct name of the court where the prior conviction was taken;

(3) the date of the prior conviction;

(4) the term of years of the prior conviction; and

(5) the nature of the prior conviction.

*Ward v. State*, 523 S.W.2d 681, 682 (Tex. Crim. App. 1975) (citing *Phillips v. State*, 488 S.W.2d 97 (Tex. Crim. App. 1972); *Ex parte Lewis*, 167 Tex. Crim. 237, 320 S.W.2d 17 (1959)). While a cumulation order need not contain all five elements to be upheld, a cumulation order containing only one of the elements is generally insufficient. *Williams v. State*, 675 S.W.2d 754, 764 (Tex. Crim. App. 1984) (op. on reh'g). But there is an exception to this general rule: cumulation orders that reference only the previous cause number are sufficient "provided the order was in the same court as the sentence to which it is made cumulative." *Hamm v. State*, 513 S.W.2d 85, 86-87 (Tex. Crim. App. 1974) (citations omitted).

Here, the written cumulation orders in the judgments of conviction contain only the trial court cause number of the prior conviction. However, each of Antwine's judgments were entered by the same court pursuant to pronouncements made one right after the other during the same revocation hearing. As such, we conclude that the cumulation orders in this case fall within the exception to the general rule that inclusion of one element is insufficient. We are unpersuaded by Antwine's first argument regarding the necessary elements in cumulation orders.

But even though the cumulation orders contain sufficient elements, we do agree with what seems to be the underlying premise of Antwine's second argument—that the

5

trial court's written cumulation orders in the judgments of conviction do not correspond to the oral pronouncements made by the court at Antwine's revocation hearing. We disagree, however, that the proper remedy is alteration of the judgments to order that the sentences for the convictions run concurrently. Rather, it is plain from the reporter's record of the revocation hearing that the trial court intended to stack Antwine's sentences, and the court's oral pronouncements contained the necessary elements, as described above. Because the trial court's oral pronouncements were clear and provide this Court with the necessary information, we will reform the written cumulation orders in the judgments of conviction to conform with the trial court's oral cumulation pronouncements. *See Madrigal Rodriguez v. State*, 749 S.W.2d 576, 580 (Tex. App.—Corpus Christi 1988, pet. ref'd) (citing *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986)). The judgments are modified as follows to reflect the trial court's oral pronouncements:

- For trial court cause number 97626, the cumulation order in the judgment of conviction shall read: "This two-year state jail sentence for the offense of unauthorized use of a vehicle shall run consecutively to the two-year state jail sentence for possession of a controlled substance imposed on February 23, 2011 in Cause Number 07-02295 in the 252nd District Court of Jefferson County, Texas."

- For trial court cause number 97138, the cumulation order in the judgment of conviction shall read: "This two-year state jail sentence for the offense of possession of a controlled substance shall run consecutively to the two-year state jail sentence for unauthorized use of a vehicle imposed on February 23, 1011 in Cause Number 97626 in the 252nd District Court of Jefferson County, Texas."

- For trial court cause number 96380, the cumulation order in the judgment of conviction shall read: "This two-year state jail sentence for the offense of possession of a controlled substance shall run consecutively to the two-year state jail sentence for possession of a controlled substance imposed on February 23, 2011 in Cause Number 97138 in the 252nd District Court of Jefferson County, Texas."

Antwine's appellate issues are overruled.

6

## B. Further Modification

In our review of the record, we have discovered that Antwine's two judgments of conviction for possession of a controlled substance contain typographical errors. The judgments for trial court cause numbers 96380 and 97138 (appellate cause numbers 13-11-00202-CR and 13-11-00216-CR, respectively) list the statute of offense to be "Sec. 481.115 T.C.S.A. Penal Code." (Emphases omitted.) While the judgments correctly refer to the relevant section as being contained in the Texas Controlled Substances Act (TCSA), the TCSA is contained in the Texas Health and Safety Code, not in the Texas Penal Code. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.001-.314 (West 2010). Because we have the necessary information for reformation, we modify Antwine's judgments of conviction in trial court cause numbers 96380 and 97138 to include the following statute of offense: Section 481.115 of the TCSA, Texas Health and Safety Code. *See id.* § 481.115; *see also* TEX. R. APP. P. 43.2; *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).

## IV. CONCLUSION

We affirm the judgments of conviction as modified.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 13th
day of October, 2011.

7