NO. 07-11-0235-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 8, 2012

_____

JERREMIE JASON WILLIS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 21,278-C; HONORABLE ANA ESTEVEZ, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Jerremie Jason Willis was convicted of continuous sexual abuse of a child and aggravated sexual assault of a child and sentenced to twenty-five years imprisonment for each offense. He now contends the trial court erred in 1) failing to instruct the jury on aggravated sexual assault as being a lesser-included offense to continuous sexual abuse, and 2) cumulating his sentences. We affirm the judgments.

*Background*

After his divorce in January 2008, appellant had primary custody of his two daughters, S.G., who was nine years old, and H.W., who was seven years old. Soon after, he began to have vaginal, oral, and anal sexual relations with S.G. over a two-year period.[1] At some point, he also had vaginal intercourse with H.W. After two years, S.G. made an outcry to her mother and grandmother.

*Issue 1 – Instruction on Lesser Offense*

Appellant requested that the trial court inform the jury about the possibility of finding him guilty of aggravated sexual assault as a lesser-included offense to continuous sexual abuse. The request was denied. That decision was purportedly wrong because aggravated sexual assault should always be submitted as a lesser offense when one is being tried for continous sexual abuse. We overrule the issue.

A person is entitled to a charge on a lesser-included offense if 1) the elements of the lesser offense are included within the proof necessary to establish the greater offense, and 2) some evidence appears of record that would permit a jury to rationally conclude that if appellant is guilty of anything, it is *only* of the lesser offense. *Rousseau v. State,* 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). Furthermore, the "some evidence" alluded to is not satisfied when the defendant simply denies the commission of any crime. *Bignall v. State,* 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). Here, appellant did just that, he defended himself by indicating he committed no offense. For instance, he attacked the credibility of the complaining witnesses, the forensic

---

[1]The sexual assault nurse examiner testified that S.G. had wearing down of her hymen consistent with repeated long-term penetration.

interviewer, and the sexual assault nurse examiner. He also suggested that another male in the house, who had access to the children, committed the assaults. Given the nature of his defense and his failure to cite us to any evidence suggesting that his assaults against his daughter were not continuous or multiple, he was not entitled to the requested instruction.

*Issue 2 – Cumulation of Sentences*

In his next and last issue, appellant argues that the portion of the judgment cumulating his two sentences should be removed. This is purportedly so because the trial court did not specify, when pronouncing sentence in open court, which sentence would run first. We overrule the issue.

The two offenses at issue were charged via the same indictment and tried together. After the guilty verdicts were returned and the punishment derived by the jury, the trial court expressly pronounced appellant's guilt and sentence applicable to count one first. Then it pronounced guilt and the sentence applicable to count two. And, upon hearing argument regarding whether to stack the sentences, it orally pronounced that the State's motion to so stack them was granted and that the sentences would be cumulative. Those circumstances were akin to the ones in *Madrigal-Rodriguez v. State*, 749 S.W.2d 576 (Tex. App.–Corpus Christi 1988, pet. ref'd) and deemed a legally sufficient pronouncement of the court's intent to cumulate the sentences. *Id.* at 580. But, unlike the situation in *Madrigal-Rodriquez*, we need not reform the judgment here to reflect the trial court's intent. The latter was already incorporated into the pertinent decree.

Having overruled each issue, we affirm the judgment.


Brian Quinn
Chief Justice

Do not publish.