**Affirmed as Reformed and Opinion Filed August 7, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-01205-CR**

**No. 05-12-01307-CR**

**CORNELIUS OYEDAPO COLLIER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-54230-U and F12-50565-U**

## MEMORANDUM OPINION
Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Bridges

In two issues, appellant Cornelius Oyedapo Collier seeks: (1) to receive back-time credit for his previous time served on his sentence in cause number F11-54230-U (prostitution with three or more priors) and (2) to remand cause number F12-50565-U (unauthorized absence from community correction) to address the lack of specificity in the trial court's order for his sentences to run consecutively. As modified, we affirm the judgments of the trial court.

### Background

Appellant was charged by indictment for prostitution with three or more prior convictions. He entered a plea of guilty. In accordance with the plea agreement, the trial court sentenced appellant to state jail for two years, probated for five years, and assessed a fine of

$1,500. As a condition to his community supervision, appellant was required to obtain treatment at the Dallas County Judicial Treatment Center ("Treatment Center").

Appellant subsequently absconded from the Treatment Center and was arrested. Appellant was later indicted for the offense of unauthorized absence from a community correctional facility. Based on appellant's unauthorized absence and failure to participate in treatment at the Treatment Center, the State filed a motion to revoke community supervision on appellant's prostitution case. Appellant entered a plea of true to the State's motion to revoke and entered an open plea of guilty to the charge of unauthorized absence from a community correctional facility.

At the conclusion of the hearing on the State's motion to revoke, the trial court revoked appellant's community supervision. In each case (prostitution and unauthorized absence), the trial court sentenced appellant to state jail for a period of two years. The trial court further ordered appellant serve these sentences consecutively, stating the unauthorized absence conviction "shall run consecutively and shall begin only when the judgment and sentence in the following case has ceased to operate: F11-54230-U." Appellant filed a motion for new trial in each case, both of which were overruled.

**Analysis**

*Issue One–Back-time Credit (Trial Court Cause No. F11-54230-U)*

Appellant argues the trial court erred by not crediting back-time for previous time served on his sentence in cause number F11-54230-U (prostitution with three prior convictions). The record before us shows the trial court made a notation on its docket sheet, noting that appellant was to receive "No Backtime."

In his initial brief, appellant asserts he is entitled to 414 days of back-time credit against the 2-year state jail sentence assessed by the trial court, which includes both his time in jail and

his time at the Treatment Center. However, in his reply brief, appellant correctly concedes he is not entitled to his time spent in the Treatment Center (203 days) when he failed to successfully complete the treatment program. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §23(b); *Stevenson v. State*, No. 05-11-00295, 2012 WL 1606625, at *2-3 (Tex. App.—Dallas May 9, 2012, pet. ref'd) (not designated for publication). In addition, the State correctly concedes appellant is entitled to 211 days of back-credit for the time he spent in jail. *See Ex parte Harris*, 946 S.W.2d 79, 80 (Tex. Crim. App. 1997).

This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State,* 865 S.W.2d 26, 27-8 (Tex. Crim. App. 1993); *Asberry v. State,* 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd). Therefore, we modify the trial court's judgment in cause number F11-54230-U to reflect appellant receives 211 days of back-time credit.

### Issue Two–Consecutive Sentences (Trial Court Cause No. F12-50565-U)

Appellant contends "the trial court's discretionary cumulation order stacking the sentence in Cause No. F12-50565-U is insufficient regarding specificity of previous conviction." As already noted, the trial court stated the unauthorized absence conviction "shall run consecutively and shall begin only when the judgment and sentence in the following case has ceased to operate: F11-54230-U." In particular, appellant argues that because the judgment of the trial court only contains the cause number of the prostitution case, "the cumulation here is insufficiently specific to give Appellant and the Department of Criminal Justice notice of the manner in which Appellant's sentences should be stacked."

Under article 42.08 of the Texas Code of Criminal Procedure, a trial judge has the discretion to cumulate a defendant's sentences for two or more convictions. TEX. CODE CRIM. PROC. ANN. art. 42.08. The Texas Court of Criminal Appeals has recommended five

requirements for cumulation orders: (1) the trial court number of the prior conviction, (2) the correct name of the court where the prior conviction was taken, (3) the date of the prior conviction, (4) the term of years of the prior conviction, and (5) the nature of the prior conviction. *Revels v. State*, 334 S.W.3d 46, 54 (Tex. App.—Dallas 2008, no pet.) (citing *Ward v. State,* 523 S.W.2d 681, 682 (Tex. Crim. App. 1975)). It is well settled that inclusion of all of the recommended elements is not mandatory. *See Banks v. State,* 708 S.W.2d 460, 461 (Tex. Crim. App. 1986); *Williams v. State,* 675 S.W.2d 754, 764 (Tex.Crim.App.1984) (op. on reh'g). However, the court of criminal appeals has "generally held that cumulation orders which recite only one of the above elements (the trial court cause number) are insufficient." *Williams,* 675 S.W.2d at 764. *But cf. Hamm v. State,* 513 S.W.2d 85, 86 (Tex. Crim. App. 1974) (cumulation order that refers only to a prior cause number is sufficient if order is entered in same court as sentence to which it is made cumulative); *Gaston v. State,* 63 S.W.3d 893, 900 (Tex. App.—Dallas 2001, no pet.) (cumulation order that specified cause number and county of prior Dallas County conviction was sufficient, where court took judicial notice that Dallas County court system assigns unique numbers to all causes within system).

To be valid, a cumulation order "should be sufficiently specific to allow the Texas Department of Criminal Justice—Institutional Division. . .to identify the prior with which the newer conviction is cumulated." *Ex parte San Migel,* 973 S.W.2d 310, 311 (Tex. Crim. App. 1998). The courts of appeals "have the authority to reform and correct cumulation orders when the necessary data is contained in the record." *Madrigal Rodriguez v. State,* 749 S.W.2d 576, 580 (Tex. App.—Corpus Christi 1988, pet. ref'd) (citing *Banks,* 708 S.W.2d at 462).

Because the judgment at issue only recites the trial court cause number, we agree with appellant that the cumulative order is insufficient. *See Revels v. State*, 334 S.W.3d at 56 (citing *Williams*, 675 S.W.2d at 764). However, we disagree with appellant's argument that because the

judgment lacks the required specificity on cumulation, cause number F12-50565-U must be reversed and remanded to the trial court for a new hearing on punishment. The courts of appeals "have the authority to reform and correct cumulation orders when the necessary data is contained in the record." *Madrigal Rodriguez,* 749 S.W.2d at 580 (citing *Banks,* 708 S.W.2d at 462). Here, the intent of the trial court as to sentencing is ascertainable from the record before us. *See Revels,* 334 S.W.3d at 56, *Baltimore v. State,* 757 S.W.2d 80, 82 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd); *see also Banks,* 708 S.W.2d at 462; *Madrigal Rodriguez,* 749 S.W.2d at 580.

In assessing punishment, the trial court stated the unauthorized absence conviction "shall run consecutively and shall begin only when the judgment and sentence in the following case has ceased to operate: F11-54230-U." From the record before us, we can ascertain the following about cause number F11-54230-U: (1) it resulted in a conviction against appellant in the 291st Judicial District Court of Dallas County, Texas; (2) the date of the original community supervision order was July 6, 2011; (3) the judgment revoking community supervision was entered on May 30, 2012; (4) punishment was set at two years in the state jail division; and (5) appellant was convicted for prostitution with three or more priors. *See Revels v. State*, 334 S.W.3d at 54. Thus, it is apparent from the record that it was the intent of the trial court that appellant's sentence in cause number F12-50565-U should run consecutively with the two-year sentence appellant received in cause number F11-54230-U in the 291st Judicial District Court of Dallas County, Texas for prostitution with three or more priors. Accordingly, we modify the judgment to reflect the sentence actually imposed by the trial court. *See Banks*, 708 S.W.2d at 462. The portion of the trial court's cumulation order that reads, "this conviction shall run consecutively and shall begin only when the judgment and sentence in the following case has ceased to operate: F11-54230-U," is modified to read as follows:

–5–

The Court ORDERS that the sentence in this conviction shall run consecutively and shall begin only when the May 30, 2012 judgment revoking community supervision and two-year sentence in the following case has ceased to operate: F11-54230-U in the 291st Judicial District Court of Dallas County, Texas involving prostitution with three or more priors.

## Conclusion

With the judgments modified in cause numbers F11-54230-U and F12-50565-U, we affirm the judgments of the trial court. *See* TEX. R. APP. P. 43.2.

Do Not Publish
TEX. R. APP. P. 47
121205F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CORNELIUS OYEDAPO COLLIER,
Appellant

No. 05-12-01205-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-54230-U.
Opinion delivered by Justice Bridges.
Justices Moseley and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **ORDER** the trial court to amend the judgment to reflect Collier receives 211 days of back-time credit.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered August 7, 2013

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CORNELIUS OYEDAPO COLLIER, Appellant

No. 05-12-01307-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-50565-U.
Opinion delivered by Justice Bridges. Justices Moseley and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **DELETE** that portion of the trial court's judgment which reads, "this conviction shall run consecutively and shall begin only when the judgment and sentence in the following case has ceased to operate: F11-54230-U." We **ORDER** the trial court to replace the deleted language with the following: "The Court ORDERS that the sentence in this conviction shall run consecutively and shall begin only when the May 30, 2012 judgment revoking community supervision and two-year sentence in the following case has ceased to operate: F11-54230-U in the 291st Judicial District Court of Dallas County, Texas involving prostitution with three or more priors.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered August 7, 2013

/David L. Bridges/

DAVID L. BRIDGES
JUSTICE