**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00427-CR**

_____

**JACOB ERIC ARRINGTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 17-28049**

**MEMORANDUM OPINION**

Jacob Eric Arrington entered a plea of guilty to the murder of B.R.[1] *See* Tex. Penal Code Ann. 19.02(b)(1). He elected to have a jury decide his punishment, and after a trial, the jury determined he should be sentenced to life in the Texas

---

[1] We refer to the victim by his initials to conceal his identity. *See* Tex. Const. art. I, § 30(a)(1) (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process[.]").

1

Department of Criminal Justice, Institutional Division. In two issues on appeal, Arrington challenges the trial court's rulings on certain evidentiary issues. We affirm.

## Background

Arrington contends the trial court erred when it sustained two of the State's hearsay objections: (1) when the question did not require a hearsay response; and (2) when the testimony was admissible as an exception to the hearsay rule. Arrington contends he was harmed when the testimony he sought to elicit was not presented to the jury because of the trial court's error.

Arrington complains of the trial court's ruling to the following discussion that occurred during the punishment trial between a defense witness and defense counsel.

> [Defense Counsel:] [Witness], was [B.R.] kind of shunned by the rest of the group?
>
> [Witness:] Yes.
>
> [Defense Counsel:] Before, when you first started hanging out, he hung out with you-all, correct?
>
> [Witness:] Yes.
>
> [Defense Counsel:] But at some point, they didn't want him around anymore, did they?
>
> [Witness:] Yes.
>
> [Defense Counsel:] Did you have a conversation with one of [B.R.'s] nieces?

2

[Witness:] Yes.

[Defense Counsel:] After you had a conversation with the niece, did you believe that [B.R.] had been messing with his nieces?

[The State:] Objection. This is based on hearsay again, Your Honor.

[The Court:] Is it not? Isn't it?

[Defense Counsel:] It's her personal –

[The Court:] Based upon hearsay.

[Defense Counsel:] And things she observed.

[The Court:] That's not the question you just asked, sir. Your objection is sustained. The jury is instructed to disregard the last statement.

Later, the following exchange occurred when Arrington took the stand regarding a conversation he had with the victim. Arrington testified that he believed that the victim was molesting his underage nieces and was trying to take sexual pictures of them.

[Defense Counsel:] How did he respond? Did you confront him about this?

[Arrington:] Yeah, because we were getting high and that stuff makes you want to talk, connect; and this is my friend for a long time.

[Defense Counsel:] How did he respond when you confronted him?

[Arrington:] Like it was okay. Like it was just cool.

[Defense Counsel:] It was cool for him to take pictures –

3

[Arrington:] Yeah. Yeah, like it was cool. I guess because I didn't say anything to him at first. I was like what the -- you know, and I was high. I didn't know how to bring it up right then. I guess since I didn't say anything at first, he just thought it was cool.

[Defense Counsel:] Over the course of time, did you have conversations with [B.R.] about this?

[Arrington:] A couple, yeah.

[Defense Counsel:] And how did he act about having relations with his nieces?

[Arrington:] He reveled there. He thought it was just cool.

[Defense Counsel:] Did he brag about it?

[Arrington:] Yeah, he always talked about how pretty she is and et cetera, et cetera. It's just -- yeah.

[Defense Counsel:] Did he ever admit to you that he was molesting them?

[Arrington:] Yeah. He had actually told me –

[The State:] Objection, hearsay. If he's going to go into anything that the dead person said, that's inappropriate.

[The Court:] Sustained.

On appeal, Arrington argues the trial court erred when it sustained the objection to his witnesses' testimony because the testimony was not hearsay and was not offered for the truth of the matter asserted. Arrington compared this testimony to a police officer explaining how a defendant became a suspect rather than for the truth of the matter asserted. Arrington complains that the excluded testimony from

4

his witnesses was important because it "added credibility to [his] own claim as to the victim in this case being a reputed child molester." Furthermore, Arrington contends that the trial court erred when it sustained the State's hearsay objection because the testimony falls under a hearsay exception, Statements Against Interest under Texas Rule of Evidence 803(24). Arrington contends his own testimony was important because it allowed the "jury [to] hear the motive…and consider his demeanor and tone when offering this evidence to make a full and educated decision in this case."

**Analysis**

On appeal, Arrington argues that he was not offering the witness's testimony for the truth of the matter asserted, but rather to explain his belief that the victim was a child molester. He essentially contends the statement does not constitute hearsay. *See* Tex. R. Civ. Evid. 801(d) (defining hearsay as an out-of-court statement offered to prove the truth of the matter asserted). He contends the trial court's failure to admit the evidence harmed his credibility. However, Arrington failed to articulate to the trial court that the testimony was not being offered for the truth of the matter asserted or that the Confrontation Clause formed a basis for its admission.

The second ruling Arrington complains of involved the exclusion of a portion of his testimony regarding the victim's admissions to him. In response to the State's hearsay objection, he again failed to argue for the evidence's admissibility as an

5

exception to the hearsay rule and specifically as a statement against interest by the declarant. *See* Tex. R. Evid. 803(24) (listing a declarant's statement against interest as an exception to the general rule that hearsay is inadmissible).

Failure to present a particular argument to the trial court in support of the admission of excluded evidence waives that argument for appeal. *See Reyna v. State*, 168 S.W.3d 173, 176–79 (Tex. Crim. App. 2005); *Rodriguez v. State*, 749 S.W.2d 576, 578 (Tex. App.—Corpus Christi 1988, pet. ref'd) (noting that a defendant is required to object when the trial court excludes testimony of its witness). Here, given Arrington's failure to provide an articulable basis in the trial court for the admission of this evidence, he has failed to preserve these complaints. *See Reyna*, 168 S.W.3d at 177 (explaining "it is not enough to tell the judge that evidence is admissible[,]" instead the proponent "must have told the judge why that evidence was admissible[]"). When complaints of error are not preserved by objection or other means of preserving error, the error is considered to have been waived unless it is fundamental, meaning that the error creates egregious harm. *See Villareal v. State*, 116 S.W.3d 74, 85 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *see also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). Egregious harm is such harm that a defendant is deprived of a fair and impartial trial. *Almanza*, 686 S.W.2d at 171.

Even assuming without deciding the trial court erred when it sustained the State's hearsay objections, upon review of the record for fundamental error, we conclude the comment and rulings at issue did not affect Arrington's substantial rights. "Erroneous evidentiary rulings rarely rise to the level of denying the fundamental constitutional rights to present a meaningful defense." *Potier v. State*, 68 S.W.3d 657, 663 (Tex. Crim. App. 2002) (citation omitted). Here, similar testimony to Arrington claims was wrongfully excluded and was admitted elsewhere without objection from the State. Arrington testified to the victim's purported molestation of minor children. Arrington has not demonstrated that the trial court's exclusion of the testimony from his witness or his testimony was fundamental error or that he was deprived of a fair trial. Appellant's issues are overruled.

## Conclusion

Having overruled all of Arrington's issues, we affirm the judgment of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on April 13, 2021
Opinion Delivered November 24, 2021
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

7