**Samuel Odean WARD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 50081.**

Court of Criminal Appeals of Texas.

May 28, 1975.

Alan O. Johnson, Tyler, for appellant.

Curtis L. Owen, Dist. Atty., and Frank McClendon, III, Asst. Dist. Atty., Tyler,

1. See also Powers v. State, 456 S.W.2d 97 (Tex.Cr.App.1970); Price v. State, 460 S.W.2d 420 (Tex.Cr.App.1970).

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation. The appellant was convicted on a plea of guilty for the offense of burglary in Smith County on June 29, 1973; the imposition of sentence was suspended, and the appellant was placed on probation for five years. On May 2, 1974, the appellant was convicted of the offense of burglary in Jefferson County, and punishment was assessed at imprisonment for four years. Then, on September 23, 1974, the appellant's probation was revoked in Smith County, and he was sentenced to imprisonment for three years.

The appellant's attorney has filed a brief comporting with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969), asserting that the appeal is frivolous and without merit. The appellant has been furnished a copy of the brief. As suggested in Anders v. California, supra, the appellant has advanced an arguable ground of error.

When the appellant was sentenced in Smith County after his probation was revoked, the sentence was made to run consecutively to the Jefferson County conviction. He claims on appeal that the failure of the order to specify which district court in Jefferson County sentenced the appellant renders the order invalid. The order of cumulation reads as follows:

"It is further ordered by the Court that the punishment under the sentence here imposed shall begin when the Judgment and sentence against this Defendant in Criminal Cause No. 30922 in the District Court of Jefferson County, Texas, wherein the Defendant was on the 2nd day of May, 1974, duly and legally sentenced to serve a term of Four (4) years for the offense of Burglary, shall have ceased to operate . . . ."

The requirements for cumulation orders have been before specified. It has been recommended that the orders contain:

(1) the trial court number of the prior conviction;

(2) the correct name of the court where the prior conviction was taken;

(3) the date of the prior conviction;

(4) the term of years of the prior conviction; and

(5) the nature of the prior conviction.

Phillips v. State, 488 S.W.2d 97 (Tex.Cr. App.1972); Ex parte Lewis, 167 Tex.Cr.R. 237, 320 S.W.2d 17 (1959). Orders containing less than the recommended elements of a cumulation order have been upheld. See Phillips v. State, supra; Ex parte Collier, 156 Tex.Cr.R. 377, 243 S.W. 2d 177 (1951).

Here the ground of error presents the question of whether the "District Court of Jefferson County" is sufficiently specific to apprise the Department of Corrections and the appellant where the prior conviction was taken. We judicially know that there is more than one district court in Jefferson County, and that each district court has criminal jurisdiction of felony cases, see Lord v. Clayton, 163 Tex. 62, 352 S.W.2d 718 (1961); cf. Ex parte Bazemore, 430 S.W.2d 205 (Tex.Cr.App. 1968); therefore, the order of cumulation is inadequate to designate the court in which this conviction was taken. Such designation has been held to render an order of cumulation too vague to be effective. Ex parte McCullough, 416 S.W.2d 420 (Tex.Cr.App.1967); Ex parte Whitley, 171 Tex.Cr.R. 280, 347 S.W.2d 721 (1961); Ex parte Miller, 168 Tex.Cr.R. 61, 323 S. W.2d 436 (1959); Ex parte Hamilton, 163 Tex.Cr.R. 283, 290 S.W.2d 673 (1956); however, in those cases other requirements

listed above for cumulation orders were also absent. The error in the designation of the court combined with the other omissions made the order inadequate.

 Here, the order names the court as the "District Court of Jefferson County," and contains the trial court docket number, the date of the conviction, the punishment assessed, and the nature of the offense. We hold that the error in the specification of a particular Jefferson County District Court does not defeat this order. See Phillips v. State, supra; Ex parte Lewis, 414 S.W.2d 682 (Tex.Cr.App.1967); Ex parte Shields, 371 S.W.2d 395 (Tex.Cr. App.1963); Ex parte Daffern, 162 Tex. Cr.R. 472, 286 S.W.2d 151 (1956).

The more important problem presented is not the cumulation order in the Smith County judgment, but the validity of the Jefferson County judgment. The requirements of a valid judgment, Article 42.01, V.A.C.C.P., do not specifically include the designation of the trial court, but such a designation is necessarily to be inferred from the language of that Article. It appears that the name of the court on the order of cumulation was copied from the Jefferson County judgment. The only designation of the court on the printed judgment form from Jefferson County is:

> "In The District Court of Jefferson County Criminal Judicial District of Texas."

There is no indictment or other document in the record to aid in the interpretation of this judgment. As mentioned, Jefferson County has more than one district court. The 58th, 60th, 136th, and 172nd, as well as the Criminal District Court, are all within the Criminal Judicial District of *Jefferson County* and have jurisdiction of felony cases. Lord v. Clayton, supra. Here, the judgment is signed by Judge George Taylor who we judicially know to have been the judge of the Criminal District Court of Jefferson County at the time of this conviction. See McCormick & Ray,

Texas Law of Evidence, § 177; Porter v. State, 72 Tex.Cr.R. 71, 160 S.W. 1194 (1913). There is no indication that the judgment was entered in either the 58th, 60th, 136th or 172nd District Court of Jefferson County. We find that the judgment is valid and that it was entered in the Criminal District Court of Jefferson County.

The ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.