TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00684-CR


AND


NO. 03-93-00685-CR







Robert Van Name, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NOS. 93-470-K277 & 93-028-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING








 Appellant waived indictment and entered a plea of guilty to a felony information
charging him with the offense of aggravated sexual assault of a child under fourteen years of age,
Act of May 26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, amended by
Act of July 18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code
Ann. § 22.021, since amended), on July 20, 1993. (1) After hearing evidence the trial court found
appellant guilty, ordered a presentence investigation, and set the punishment hearing for
September 27, 1993. Following the first hearing, a second cause was called for trial, (2) in which
appellant was charged by indictment with aggravated sexual assault of a child under fourteen years
of age, alleged to have occurred on a different date and by the use of different acts in its
commission. After hearing the evidence and finding appellant guilty, the trial court set the
punishment hearing for September 27, 1993.

 On September 27, 1993, after hearing evidence at the punishment phase in one of
the causes, the court assessed punishment at confinement for life. At the conclusion of this
hearing, the other cause was called, and by agreement, the evidence in the prior cause was
introduced in evidence. After the conclusion of this hearing, the trial court assessed punishment
at confinement for life and ordered that the sentences be served consecutively. In three points of
error, appellant contends: (1) the pleas of guilty were involuntary; (2) the cumulation order was
improper; and (3) the cumulation order was insufficient. We will overrule appellant's points of
error and affirm the judgments of the trial court.

 Testimony showed that appellant had sexually assaulted his stepdaughter, who was
thirteen at time of trial, orally and vaginally since she was about five or six. On more recent
occasions, appellant had videotaped sexual abuses. In addition, the evidence reflected that
appellant had regularly sexually molested his own daughter.

 In his first point of error, appellant asserts that his pleas of guilty were involuntary
in both causes because they were partially motivated by his understanding that he could receive
some type of probation. A plea of guilty may not be accepted by a trial court "unless it appears
that the defendant is mentally competent and the plea is free and voluntary." Tex. Code Crim.
Proc. Ann. art. 26.13(b) (West 1989). A defendant's election to plead guilty based upon
erroneous advice of counsel is not done knowingly and voluntarily. Ex parte Battle, 817 S.W.2d
81, 83 (Tex. Crim. App. 1991). A trial court has no authority to grant probation to a defendant
adjudged guilty of aggravated sexual assault. Tex. Code Crim. Proc. Ann. art. 42.12,
§ 3g(a)(1)(E) (West Supp. 1995). However, until the trial court finds the defendant guilty, it may
defer the adjudication of guilt and place the defendant on probation. Tex. Code Crim. Proc. Ann.
art. 42.12, § 5 (West Supp. 1995); Spencer v. State, 666 S.W.2d 578, 579 (Tex. App.--Houston
[1st Dist.] 1984, pet. ref'd).

 Appellant testified for the first time at the motion for new trial that he had
understood from his trial attorney that "probation of some form was a possibility in this case." 
Appellant related that his trial attorney had explained the difference between regular probation and
deferred adjudication. Trial counsel testified in detail about matters discussed in lengthy sessions
with appellant before he decided to accept the State's offer to dismiss numerous other counts of
aggravated sexual assault in exchange for appellant entering two pleas of guilty to two counts of
aggravated sexual assault before the trial judge. Trial counsel advised appellant that it was
possible for a jury to grant probation, but that he would not be eligible for probation in a trial
before the court. While it was possible for the trial court to defer adjudication, trial counsel
advised appellant that he "didn't see anyway that he could get probation in this county in front of
a judge or jury." Counsel stated that he advised appellant "repeatedly" that "he was going to
spend quite a long time in the penitentiary" and that the only advantage of accepting the plea
bargain was to "cap the exposure" because he foresaw the State going to trial at least three or four
times until the State got what it wanted. Trial counsel characterized trial strategy as "most
difficult" in light of overwhelming evidence showing a pattern of child molestation involving two
victims over a period of years, supported by appellant's video and audio taped confessions.

 In Battle, cited by appellant, the court found that the record reflected that the
accused pled guilty to two counts of aggravated rape while fully believing he was eligible to
receive court-ordered probation. The court stated that counsel's advice "at the minimal, should
have made him aware" that he could not receive probation for aggravated sexual assault in a plea
before the trial court. The court reasoned that if the statute prohibiting probation under these
circumstances had been consulted, "counsel would not have suggested a `fifty percent chance of
probation.'" Battle, 817 S.W.2d at 83.

 Unlike Battle, appellant advances no claim of ineffective assistance of counsel.
Appellant and his trial counsel were aware that appellant was not eligible for probation on a plea
of guilty before the trial court. Trial counsel advised appellant that deferred adjudication was a
possibility under the law, but that in light of the overwhelming evidence of appellant's guilt on
many counts of aggravated sexual assault, he was going to spend a long time in the penitentiary. 
We hold that appellant's testimony that he entered pleas of guilty because he understood that he
could receive some type of probation or deferred sentence is not supported by the record. 
Appellant's first point of error is overruled.

 In his second point of error, appellant contends that the cumulation order was
improper because his two convictions arose out of the same criminal episode and were obtained
in a single criminal action.

 On August 20, 1993, the cause in which appellant was charged by felony
information (3) was called for trial and evidence was presented. The trial court found appellant
guilty, a presentence report ordered, and the court recessed until September 27, 1993. At the
conclusion of the first proceeding, the cause in which appellant was charged by felony indictment (4)
was called for trial, another prosecutor appeared for the State, appellant entered a plea of guilty,
evidence was presented and the trial court found appellant guilty. After conferring with counsel
about evidence to be heard at the punishment hearings in both causes, the trial court set
punishment hearings in both causes for September 27, 1993.

 The punishment phase in the indicted cause was called for trial at 3:50 p.m. on
September 27. Among the evidence presented was appellant's testimony in which he apologized
to his daughter and stepdaughter for the problems he had caused in their lives. Arguments were
made, and the trial court assessed appellant's punishment at confinement for life. At the
conclusion of the first punishment hearing, the trial court called the other cause for the punishment
phase. The evidence from the first punishment hearing was admitted without objection, arguments
were again made by counsel, and the trial court assessed punishment at confinement for life,
ordering that the sentences be cumulated.

 "When the accused is found guilty of more than one offense arising out of the same
criminal episode prosecuted in a single criminal action, sentence for each offense for which he has
been found guilty shall be pronounced. Such sentences shall run concurrently." Tex. Penal Code
Ann. § 3.03 (West 1994); see LaPorte v. State, 840 S.W.2d 412 (Tex. Crim. App. 1992). It is
undisputed that the two offenses arose out of the same "criminal episode." See Tex. Penal Code
Ann. § 3.01(2) (West 1994) (defining criminal episode as "the commission of two or more
offenses" where "the offenses are the repeated commission of the same or similar offenses."). 
Therefore, the pivotal issue in the instant causes is whether the two offenses were prosecuted in
a "single criminal action." Appellant may not affirmatively waive concurrent sentences when both
of the foregoing elements are present. See Ex parte Sims, 868 S.W.2d 803, 804 (Tex. Crim.
App. 1993). The fact that such a waiver was included in the plea bargain in the instant cause is
of no consequence in light of Sims.

 While "criminal episode" is defined in the Penal Code, neither statutory nor case
law defines "single criminal action." Appellant urges that the proceedings in the two instant
causes were so "intertwined" that they necessarily constitute a "single criminal action." In Duran
v. State, 844 S.W.2d 745 (Tex. Crim. App. 1992), the defendant was placed on eight-year
probation in two separate causes for the offenses of possession of cocaine and possession of
marihuana. Subsequently, in a consolidated revocation hearing, the trial court revoked the
defendant's probations and ordered his two eight-year sentences to run consecutively. In Duran,
the court rejected the defendant's claim that the proceedings took place in a "single criminal
action." In a concurring opinion, Judge Baird, after noting the absence of definition of "single
criminal action," reasoned that since the defendant's pleas at the time he received probated
sentences were shown not to be consolidated, the defendant had failed to establish that the offenses
were prosecuted in a single criminal action. He concluded that before the defendant was entitled
to concurrent sentences, he had to establish that the offenses were consolidated at the time of his
pleas as well as at the hearings on the motions to revoke. Id. at 748.

 The pleas of guilty in the instant causes were heard in separate proceedings. The
trial court gave admonitions to appellant in each cause before accepting his plea. In the first
cause, appellant judicially confessed to the offense of aggravated sexual assault by causing the
sexual organ of the victim to contact his sexual organ. In the second cause, appellant judicially
confessed to the offense of aggravated sexual assault by causing the penetration of the victim's
sexual organ with his finger. The appellant was sworn in each cause and testified in each cause. 
Different prosecutors represented the State at the two plea proceedings. The hearings on
punishment were heard separately.

 We perceive no rational reason why there should be any specified time interval
between the hearing of two causes in order for them to constitute separate criminal actions. After
finding appellant guilty in the first plea proceeding, the trial court proceeded as far as it could in
that cause after it entered an order for a P.S.I. The fact that the plea bargain involved offenses
arising from the same criminal episode is of no consequence. The hearings on punishment in the
two causes were held separately. We hold that the trial court presided over two separate criminal
actions and did not err in imposing consecutive sentences. Appellant's second point of error is
overruled.

 In his third point of error, appellant contends that the cumulation order is
insufficient because it does not recite the date, the number of years imposed, or the nature of the
prior conviction. In Ward v. State, 523 S.W.2d 681 (Tex. Crim. App. 1975), the court
recommended five elements to be included in cumulation orders:



(1) the trial court number of the prior conviction;


(2) the correct name of the court where the prior conviction was taken;


(3) the date of the prior conviction;


(4) the term of years of the prior conviction; and


(5) the nature of the prior conviction.



Id. at 682. The trial court's cumulation order in the instant cause included the cause number and
the correct name of the trial court of the prior conviction. The recital of these two elements has
been held sufficient. See Williams v. State, 675 S.W.2d 754, 764 (Tex. Crim. App. 1984). 
Further, "a cumulation order which refers only to a prior cause number is sufficient if the order
is entered in the same court as the sentence to which it is made cumulative." Id. at 764. 
Appellant's third point of error is overruled.

 The judgments are affirmed.



 

 Tom G. Davis, Justice

Before Justices Jones, Kidd and Davis*

Affirmed on Both Causes

Filed: March 8, 1995

Do Not Publish

* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   Our cause no. 03-93-00684-CR.
2.   Our cause no. 03-93-00685-CR.
3.    Our cause no. 03-93-00684-CR.
4.   Our cause no. 03-93-00685-CR.