

# NUMBER 13-11-00421-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**STEVEN LYNN DODD A/K/A SWEET
A/K/A STEVEN LYNN DODD,**          **Appellant,**

**v.**

**THE STATE OF TEXAS,**          **Appellee.**

---

### On appeal from the 252nd District Court
### of Jefferson County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Steven Lynn Dodd a/k/a Sweet a/k/a Steven Lynn Dodd appeals his

conviction for the offense of possession of a controlled substance. *See* TEX. HEALTH &

SAFETY CODE ANN. § 481.115(d) (West 2010). By two issues, Dodd challenges the

cumulation of his sentence and the trial court's order that he pay court costs and fees despite his indigency.   We affirm as modified.[1]

## I.  Background

Dodd was indicted for the possession offense in August 2007.   In June 2008, he pleaded guilty to the offense, but adjudication was deferred and he was placed on community supervision for a term of four years.   The State moved to revoke Dodd's community supervision and adjudicate his guilt in 2010.   After pleading true to allegations that he violated his conditions of probation by committing an offense in Tyler County, Texas, the trial court revoked Dodd's community supervision and adjudicated his guilt.   The trial court then sentenced Dodd to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice.   In pronouncing Dodd's sentence, the trial court stated:   "[M]y sentence is going to run consecutive to whatever time you get [in Tyler County].   So, my time will be stacked on top of whatever you get up there." The cumulation order in Dodd's judgment of conviction is as follows:   "This sentence to begin upon completion of any other felony cases."   Finally, the trial court ordered that Dodd pay court costs in the amount of $583 and administrative fees in the amount of $3,056.

Dodd's original appellate counsel filed an *Anders* brief, in which he argued that the record contained no reversible error and the appeal was frivolous; he moved to withdraw as Dodd's counsel.   *See Anders v. California*, 386 U.S. 738, 744 (1967).   After

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this case is before us on transfer from the Ninth Court of Appeals in Beaumont, Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

reviewing the record, this Court determined that an arguable point of error did exist with regard to the cumulation of Dodd's sentence. *See Penson v. Ohio*, 488 U.S. 75, 84-85 (1988); *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). We granted appellate counsel's motion to withdraw, abated the appeal, and remanded the case to the trial court for appointment of new counsel. *See Bledsoe*, 178 S.W.3d at 827. When the trial court appointed new counsel for Dodd, we reinstated the appeal.

## II. Cumulated Sentence

By his first issue, Dodd argues that the trial court erred in cumulating Dodd's sentence in this case with his sentence in the Tyler County case, the case upon which Dodd's revocation and adjudication of guilty was based. The State concedes there is error in the trial court's cumulation order. We agree with Dodd and the State.

Article 42.08 of the code of criminal procedure provides that

> [w]hen the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c) of this article, *in the discretion of the court, the judgment in the second and subsequent convictions may* either *be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate*, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly.[2]

TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West Supp. 2011) (emphasis added). To that end, "[i]t has been recommended that [a trial court's orders cumulating a defendant's

---

[2] Neither subsection (b) nor (c) apply to the facts of this case. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(b) (West Supp. 2011) (providing that a defendant's sentence for an offense committed while the defendant is incarcerated shall be stacked upon the sentence for his original offense); *id.* art. 42.08(c) (West Supp. 2011) (providing that "[i]f a defendant has been convicted in two or more cases and the court suspends the imposition of the sentence in one of the cases, the court may not order a sentence of confinement to commence on the completion of a suspended sentence for an offense").

sentences] contain:

> (1) the trial court number of the prior conviction;
>
> (2) the correct name of the court where the prior conviction was taken;
>
> (3) the date of the prior conviction;
>
> (4) the term of years of the prior conviction; and
>
> (5) the nature of the prior conviction.

*Ward v. State*, 523 S.W.2d 681, 682 (Tex. Crim. App. 1975) (citations omitted). Inclusion of all the recommended elements is not mandatory. *Williams v. State*, 675 S.W.2d 754, 764 (Tex. Crim. App. 1984) (op. on reh'g). But the cumulation order must be "substantially and sufficiently specific . . . to give notice both to the defendant and to the Department of Corrections exactly which sentences the instant sentence is cumulated with." *Id.* (citing *Ex parte Lewis*, 414 S.W.2d 682, 683 (Tex. Crim. App. 1967)).

Here, the record before the trial court did not contain the name of the court where the Tyler County conviction was adjudicated, the cause number for that offense, the date of that conviction, or the sentence assessed. Thus, under the foregoing authority, the cumulation order in this case is insufficiently specific to give Dodd and the Texas Department of Criminal Justice notice of the manner in which Dodd's sentences should be stacked. *See id.*; *Ward*, 523 S.W.2d at 682.

In fact, the record here does not indicate whether, at the time of the trial court's pronouncement of sentence in this case, Dodd's Tyler County offense had been adjudicated and whether he had yet been sentenced in that case. As such, the record before the trial court was insufficient to show that the conviction in this case was the

4

"second and subsequent" conviction that could be stacked upon a previous conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a). The trial court's cumulation order in this case was, therefore, not proper under the law and must be set aside. *See id.*; *see also LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). Dodd's first issue is sustained.

### III. Court Costs and Administrative Fees

By his second issue, Dodd argues that the trial court erred in ordering him to pay costs and fees because Dodd was determined to be indigent. Dodd argues that the $3,639 in court costs and fees assessed against him "constituted the costs of legal services" provided to Dodd, and because he was determined to be indigent, he could not be charged for those costs under the law.

The court costs and administrative fees assessed against Dodd are itemized in the record as follows:

ADMINISTRATIVE FINANCIAL OBLIGATIONS:

| | | |
|---|---|---|
| A. SUPERVISION FEES | Amount Owed: | $1740.00 |
| B. DRUG OFFENDER ED | Amount Owed: | $0.00 |
| C. BMT CS FEE | Amount Owed: | $0.00 |
| D. PSI FEE | Amount Owed: | $316.00 |
| E. FINE | Amount Owed: | $1000.00 |
| F. COURT COST | Amount Owed: | $265.00 |
| G. TRANS FEE | Amount Owed: | $0.00 |
| H. REVOCATION COURT COSTS | Amount Owed: | $265.00 |

5

Having reviewed the foregoing and the remainder of the record, it is apparent to this Court that none of the foregoing costs and fees were for legal services provided to Dodd.

The State does not dispute that Dodd was indigent and remained indigent throughout the proceedings in this case. And it is true that a defendant determined to be indigent cannot be charged for legal services provided to him. *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010) (A "defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees."); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2011) ("If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay."); *id.* art. 26.04(p) (West Supp. 2011) ("A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs."). However, we have found no law categorically prohibiting a trial court from assessing court costs and other fees unrelated to legal services against an indigent defendant. Aside from costs and fees associated with the legal services provided to an indigent defendant, trial courts routinely assess other court costs and administrative fees against indigent defendants. *See, e.g.*, *Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied) (affirming trial court's deletion of attorney's fees from indigent defendant's bill of costs and allowance of other costs and

6

fees unrelated to attorney's fees); *Bell v. State*, No. 09-11-00462-CR, 2012 WL 252499, at *1 (Tex. App.—Beaumont Jan. 25, 2012, no pet. h.) (mem. op., not designated for publication) (modifying an indigent defendant's judgment to subtract attorneys' fees but retain administrative costs and fees); *Ludlow v. State*, No. 03-11-00212-CR, 2012 WL 104469, at *1 (Tex. App.—Austin Jan. 11, 2012, no pet. h.) (mem. op., not designated for publication) (same). We are therefore not persuaded by Dodd's argument in this regard. The trial court did not err in assessing court costs, fines, and other administrative fees against Dodd. Dodd's second issue is overruled.

## IV. Conclusion

Because the trial court's cumulation order was impermissible under the law and facts in this case, we delete that portion of the judgment and affirm the judgment as modified.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 22nd
day of March, 2012.