

## NUMBERS 13-11-00628-CR & 13-11-00629-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**EDWARD ERIC WEEKS,**                                               **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                               **Appellee.**

### On appeal from the 252nd District Court
### of Jefferson County, Texas.

# MEMORANDUM OPINION ON REHEARING

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Benavides**

We grant the appellant's and appellee's motions for rehearing, withdraw our

opinion and judgment dated July 26, 2012, and issue this opinion on rehearing.

In this consolidated appeal, appellant Edward Eric Weeks raises six issues.    In

Cause Number 13-11-00629-CR, Weeks argues (1) the trial court had no jurisdiction to revoke his community supervision in a felony theft case when it failed to timely issue a capias for him.[1]  In Cause Number 13-11-00628-CR, Weeks contends that:   (2) the trial court abused its discretion in cumulating his sentences arising out of the same criminal episode; (3) the trial court's cumulation order was not sufficient to cumulate his sentence upon another sentence from another county; (4) the trial court erred in failing to follow a plea bargain agreement or to allow Weeks to withdraw his plea; (5) his sentence constituted cruel and unusual punishment; and (6) the trial court erred in assessing attorney's fees against him because he was declared indigent.

We modify the judgments and, as modified, affirm.

## I. BACKGROUND

A grand jury in Jefferson County, Texas[2] indicted Weeks on a charge of burglary of a habitation, a second-degree felony.   See TEX. PEN. CODE ANN. § 30.02(a)(3), (c)(2) (West 2011).   The indictment charged that, on November 4, 2007, Weeks intentionally entered the home of Mickie Crawford without consent and with the intent to commit theft. One month later, the grand jury also indicted Weeks for the offense of felony theft, a state-jail felony.   See id. § 31.03 (West 2011).   In this indictment, Weeks was accused

---

[1] We note that Weeks's prior counsel filed an *Anders* brief in this case.   See *Anders v. California,* 386 U.S. 738, 741–42 (1967) (holding that "if counsel appointed to represent one seeking leave to appeal in forma pauperis . . . is convinced, after conscientious investigation, that the appeal is frivolous, he may ask to withdraw on that account, and if the court is satisfied that counsel has diligently investigated the possible ground of appeal, and agrees with counsel's evaluation of the case, then it may allow leave to withdraw and deny leave to appeal."").   Weeks's new counsel requested that the *Anders* brief be stricken and that we substitute his appellate brief in its place.   We granted this motion on March 30, 2012.   We therefore do not address the *Anders* brief on appeal.

[2] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas.   See TEX. GOV'T CODE ANN. § 73.001 (West 2005).

2

of stealing insulated and non-insulated copper wire and cable on December 21, 2007.

On February 25, 2008, Weeks entered a plea of guilty for both offenses in exchange for a plea-bargain agreement where the trial court deferred the adjudication of guilt, placed him on community supervision for three years, and assessed various fines.

A year later, on January 8, 2009, Weeks's community supervision terms were amended because he moved to San Patricio County. His community supervision term was extended until April 30, 2011 on the burglary of a habitation case. For unexplained reasons, his community supervision term was not extended in the felony theft case.

On May 27, 2009, the State filed a Motion to Revoke Unadjudicated Probation in both underlying cases, alleging Weeks violated five separate provisions of the terms of his community supervision. These violations included: (1) committing an offense against the laws of Texas (Weeks committed an aggravated robbery in San Patricio County, Texas); (2) failing to perform 800 hours of community service restitution; (3) failing to participate in a G.E.D. program; (4) not paying restitution; and (5) not paying assessed fines. The trial court issued two separate capiases for Weeks's arrest: one for Weeks's arrest in the burglary of a habitation case and another for the felony theft of copper wire case.

Weeks pleaded true to the first violation, admitting that he committed an aggravated robbery in San Patricio County. *See id.* § 29.03 (West 2011). The plea of true was taken on August 29, 2011. The trial court adjudicated Weeks guilty of the underlying felony theft charge and sentenced him to jail for two years. It also adjudicated Weeks guilty in the underlying burglary of a habitation offense and

3

sentenced him to twenty years. The trial court ordered that these sentences run consecutively. It further ordered that these sentences run consecutively to his sentence in the San Patricio County robbery case. These appeals ensued.

## II.    DISCUSSION

### A.    Revocation of Community Supervision for Theft

Texas Code of Criminal Procedure article 42.12, section 5 establishes the procedures regarding deferred adjudication community supervision.

> A court retains jurisdiction to hold a hearing under Subsection (b) and to proceed with an adjudication of guilt, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration the attorney representing the state files a motion to proceed with the adjudication and a capias is issued for the arrest of the defendant.

*See* TEX. CODE CRIM. PROC. ANN. art. 42.12(h) (West 2006).

Weeks asserts that the trial court did not have jurisdiction to revoke his community supervision in the felony theft case. He contends that he was placed on community supervision on February 25, 2008 for three years, so the court's jurisdiction over him expired on February 24, 2011, when his community supervision period terminated. Thus, Weeks claims, his adjudication for felony theft on August 29, 2011 took place outside the three-year period of the court's jurisdiction.[3]

However, we note that the State filed a motion to revoke his community supervision on May 27, 2009 and also issued a capias on this matter the same day. Because he was sentenced to three years of community supervision on February 28, 2008, and the capias was issued only a year and a half later, the capias was issued

---

[3] Weeks does not challenge the sentence for offense of burglary of a habitation on appeal.

4

before the expiration of his community supervision.  *See id.*   The court thus retained jurisdiction to hear the underlying felony theft case, despite the fact that his community supervision term expired.  *Id.*   We overrule this issue.

## B.   The Cumulation of Sentences

By his second issue, Weeks argues that the trial court abused its discretion in cumulating his sentences because they were offenses arising from the same criminal episode.   We review a trial court's decision to "stack," or cumulate, sentences for an abuse of discretion.   *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West 2010); *Nicholas v. State*, 56 S.W.3d 760, 765 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). So long as the law allows the imposition of cumulative sentences, the trial judge has absolute discretion to stack sentences.   *Nicholas*, 56 S.W.3d at 765.   Under article 42.08 of the code of criminal procedure, the trial judge has the discretion to cumulate the sentences for two or more convictions.    TEX. CODE CRIM. PROC. ANN. art. 42.08(a).

Article 42.08 provides that when a defendant has been convicted in two or more cases, the trial court has discretion to order the judgment and sentence in the second conviction to either (1) begin to run after the judgment and sentence imposed in the preceding conviction ceased to operate, or (2) run concurrently with the judgment and sentence imposed in the preceding conviction.   *Id.*   A trial court's ability to cumulate sentences, however, is limited by the Texas Penal Code.   Section 3.03(a) of the Texas Penal Code provides as follows:

> When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced.   Except as provided by Subsection (b), the sentences shall

5

run concurrently.

TEX. PEN. CODE ANN. § 3.03(a) (West Supp. 2011). A "criminal episode" is defined as:

> the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
>
> (1) The offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
>
> (2) The offenses are the repeated commission of the same or similar offenses.

*Id.* § 3.01 (West 2011).

Weeks argues that his two crimes, burglary of a habitation, *id.* § 30.02(a)(3), (c)(2), and felony theft, *id.* § 31.03, are from the same "criminal episode" because they occurred in "close temporal proximity." He also argues that the crimes are from the same criminal episode because theft "can be a lesser-included offense of burglary." Thus, Weeks believes his sentences should run concurrently. We disagree on both counts. First, the burglary of a habitation occurred on November 4, 2007, while the theft occurred on December 21, 2007. Although we have previously held that section 3.01(2) does not impose a time differential between the commission of the same or similar offenses, these two crimes were not the same or similar. *See Guidry v. State*, 909 S.W.2d 584, 585 (Tex. App.—Corpus Christi 1995, pet. ref'd). Here, the indictment for felony theft stated that Weeks unlawfully appropriated "insulated and non-insulated wire and cable that consists of at least 50 percent copper" from a man named Thomas Ray. The burglary of the habitation indictment provided that Weeks intentionally, and without the consent of Mickie Crawford, entered Crawford's habitation to commit a theft.

6

Other than the fact that these crimes involved taking property, the record does not support any "common scheme or plan" between the two offenses. Further, the record does not support that these offenses were repeated in a similar fashion. *See id.* (holding that two aggravated robberies were similar because the perpetrator branded a knife during both offenses, so their sentences should run concurrently); *Baker v. State*, 107 S.W.3d 671, 673 (Tex. App.—San Antonio 2003, no pet.) (holding that three sexual assault sentences should run concurrently because each offense was against "a woman living on or near Hope's Ferry, occurred in or near her home while she was alone, and took place in the early morning hours," even though they occurred months apart). In short, although the trial court took Weeks's pleas for both crimes at the same time, there is no evidence to substantiate that they arose from the same "criminal episode." TEX. PEN. CODE ANN. § 3.01(1). Accordingly, Texas Penal Code section 3.03(a) does not apply here.

Because nothing in the record indicates that these two "transactions" were "connected or constitute[d] a common scheme or plan," *id.*, the trial court was within its discretion to stack the sentences. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a); *Nicholas*, 56 S.W.3d at 765. We overrule Weeks's second issue.

## C.      Sufficiency of Cumulation Sentence

By his third issue, Weeks argues that the trial court's cumulation order is not sufficient to cumulate his sentence to the aggravated robbery from San Patricio County.

The Texas Court of Criminal Appeals has set forth recommended elements for cumulation orders. *See Ward v. State*, 523 S.W.2d 681, 682 (Tex. Crim. App. 1975).

7

These elements include: (1) the trial court number of the prior conviction; (2) the correct name of the court where the prior conviction was taken; (3) the date of the prior conviction; (4) the term of years of the prior conviction; and (5) the nature of the prior conviction. *Id.* However, it is well-settled law that not all of these elements have to be present for a cumulation order to be valid. *See Banks v. State*, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986); *Williams v. State*, 675 S.W.2d 754, 764 (Tex. Crim. App. 1984) (op. on reh'g); *Ex parte March*, 423 S.W.2d 916, 918 (Tex. Crim. App. 1968) ("this Court has held cumulation orders valid when such orders contained two, rather than three or more, details of the prior conviction"). "A valid cumulation order should be sufficiently specific to allow the Texas Department of Criminal Justice–Institutional Division [TDCJ-ID], to identify the prior with which the newer conviction is cumulated." *Ex Parte San Migel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998) (citing *Ward*, 523 S.W.2d at 681). "The courts of appeals and the Court of Criminal Appeals have the authority to reform and correct cumulation orders when the necessary data is contained in the record." *Madrigal Rodriguez v. State*, 749 S.W.2d 576, 580 (Tex. App.—Corpus Christi 1988, pet. ref'd).

At the hearing on the motion to revoke on August 29, 2011, the trial court made the following order on the record:

> Cause No. 2434[4] will run consecutive to Cause No. 2608[5]. It will also run consecutive to your case in San Patricio County, whatever that cause number may be.

---

[4] This was the trial court cause number from the 252nd District Court of Jefferson County for the burglary of a habitation crime.

[5] This was the trial court cause number from the 252nd District Court of Jefferson County for the felony theft offense.

Here, the trial court's oral cumulation order failed to include several elements recommended by the court of criminal appeals. Weeks contends that this lack of specificity makes the cumulation order vague and insufficient. However, the written orders that were issued that same day by the trial court clarify this issue. The first order, regarding Weeks's two-year sentence for felony theft, provides that the sentence "shall run consecutively and shall begin only when the judgment and sentence in the following case has ceased to operate: S-09-3300-2CR from San Patricio County for Aggravated Robbery." This written order included the trial court number of the prior conviction, the correct name of the court where the prior conviction was taken, and the nature of the prior conviction. *See Ward*, 523 S.W.2d at 682. The second order, concerning Weeks's twenty-year sentence for burglary of a habitation, stipulated that "this conviction shall run consecutively and shall begin only when the judgment and sentence in the following case has ceased to operate: 08-02608." Although this order does not include several recommended elements, it is clear from the record that "08-02608" refers to Weeks's felony theft offense arising from the 252nd Judicial District Court of Jefferson County. *See Madrigal Rodriguez*, 749 S.W.2d at 580.

Because we hold that the record has sufficient information to allow the TDCJ–ID to identify which sentences are cumulated, *see Ex Parte San Migel*, 973 S.W.2d at 311, we overrule this issue.

## D. Plea Bargain Agreement

Weeks, in his fourth issue, asserts that he entered into a plea bargain agreement with the State for the felony theft and burglary of a habitation offenses. Part of his plea

bargain, he argues, was that he "would be placed on community supervision, and, should a sentence be imposed, the sentence would be served concurrently with cause number 08-02608." To support this contention, he refers us to the "Agreed Punishment Recommendation" form in the reporter's record for the burglary of a habitation offense. This form, signed on January 24, 2008, demonstrates that Weeks was awarded deferred adjudication, fined $1,000, sentenced to five years of community supervision, and that "this sentence will run concurrently with 08-02608" (the felony theft offense). Weeks claims that he should be able to withdraw his plea of guilty now because the trial court judge ordered his sentences to be stacked after the hearing on his motion to revoke. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2) (West Supp. 2011) ("should the court reject any such [plea] agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere.").

We disagree with Weeks's interpretation of this form. It is clear from the "Agreed Punishment Recommendation" that the trial court intended for the community supervision terms to run concurrently, not any possible sentences that might arise from Weeks's community supervision revocation. And even assuming Weeks's interpretation was correct, "the statutes governing probation do not make reference to article 26.13 or to any right of a plea-bargainer to withdraw a plea." *Gutierrez v. State*, 108 S.W.3d 304, 309–10 (Tex. Crim. App. 2003) (citing TEX. CODE CRIM. PROC. art. 42.12 (West Supp. 2011)). "In the context of revocation proceedings, the legislature has not authorized binding plea agreements, has not required the court to inquire as to the existence of a plea agreement or admonish the defendant pursuant to 26.13, and

10

has not provided for withdrawal of a plea after sentencing." *Id.* "Unlike regular community supervision, 'upon violation of the deferred adjudication probations, the judges have no further obligation to comply with the plea bargains since the bargains had already been satisfied by the judges' initial sentencing.'" *Ditto v. State*, 988 S.W.2d 236, 239 (Tex. Crim. App. 1999).

We overrule Weeks's fourth issue.

## E.      Cruel and Unusual Punishment

In his fifth issue, Weeks argues that his twenty-year prison sentence for the burglary of a habitation offense is disproportionate and constitutes cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution and article 1.09 of the Texas Code of Criminal Procedure.   *See* U.S. CONST., amend. VIII; TEX. CODE CRIM. PROC. ANN. art. 1.09 (West 2011).   Weeks contends that his youth (he was twenty-two years old) and mental health condition should be considered in this disproportionate analysis.

The Eighth Amendment, which forbids cruel and unusual punishment**,** contains a narrow proportionality principle prohibiting a sentence from being greatly disproportionate to the crime it punishes.   *See Ewing v. California*, 538 U.S. 11, 20 (2003) (citing *Harmelin v. Michigan*, 501 U.S. 957, 996–97 (1991) (Kennedy, J., concurring in part and concurring in judgment)).   Embodied within the U.S. Constitution's ban on cruel and unusual punishment is the "precept of justice that punishment for crime should be graduated and proportioned to [the] offense."   *Weems v. United States*, 217 U.S. 349, 367 (1910).

11

In Texas, courts have traditionally held that, as long as the punishment assessed falls within the punishment range prescribed by the Legislature in a valid statute, the punishment is not excessive. *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd). Here, under the Texas Penal Code, burglary of a habitation is a second-degree felony. *See* TEX. PEN. CODE ANN. § 30.02(a)(3) (explaining that a person commits this crime if they "enter[] a building or habitation and commit[] or attempt[] to commit a felony, theft, or an assault); *id.* § 30.02 (c)(2) (averring that this crime is "a felony of the second degree if committed in a habitation"). Section 12.33 of the penal code provides that "an individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years." *Id.* § 12.33 (West 2011).

Because Weeks was sentenced within the range of punishment allowed for a second-degree felony, we hold that the punishment was not excessive or disproportionate under federal or Texas law. *See Jordan*, 495 S.W.2d at 952. We overrule Weeks's fifth issue.

## F. Attorney's Fees

In his sixth and final issue, Weeks argues that attorney's fees should be deleted from his judgment in 13-11-00628-CR because he was declared indigent by the trial court.

We agree. Weeks was declared indigent and appointed counsel in his initial plea proceedings. "A defendant who is determined by the court to be indigent is presumed

to remain indigent for the remainder of the proceeding in the case unless a material change in the defendant's financial circumstances occurs." *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2011); *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). There is no evidence in the record that Weeks's financial circumstances materially changed, however, the court included $1,200 of attorney's fees when assessing "Administrative Fees" of $4,662 against Weeks. Therefore, we sustain this issue.

### III. CONCLUSION

We modify the judgment's cumulation order in cause number 07-02434 to include the trial court number, court name, date of conviction, term of conviction, and nature of conviction in cause number 08-02608. We further modify the judgment in 07-0234 to delete $1,200 in attorney's fees from the $4,662 in administrative fees.

As modified, we affirm the trial court judgments.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
7th day of February, 2013.

13