# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00562-CR

**Reginald Allen Mason, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 433RD JUDICIAL DISTRICT
### NO. CR2014-012, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found Reginald Allen Mason guilty of sexual assault of a child and indecency with a child. The trial court assessed sentences of 16 years and 15 months[1] for the assault conviction and 5 years and 7 months for the indecency conviction. Mason does not challenge the finding of his guilt or the sentences themselves, but contends that the court erred by ordering that these terms be served consecutively to each other. We will modify the judgments and affirm them as modified.

Trial courts may order that sentences run consecutively by using language that is sufficiently specific to explain how long prison authorities should detain the prisoner under the sentence. *Stokes v. State*, 688 S.W.2d 539, 540 (Tex. Crim. App. 1985); *Ex parte Davis*, 506 S.W.2d

---

[1] The trial court said that it used these numbers deliberately for their correlation to numbers significant to this case and appellant. The sentence could also be expressed as 17 years and 3 months.

882, 883 (Tex. Crim. App. 1974); *see also* Tex. Code Crim. Proc. art. 42.08(a). The Texas Court of Criminal Appeals has recommended that cumulation orders contain several elements: (1) the trial court cause number of the prior conviction; (2) the correct name of the court where the prior conviction was taken; (3) the date of the prior conviction; (4) the term of years of the prior conviction; and (5) the nature of the prior conviction. *Ward v. State*, 523 S.W.2d 681, 682 (Tex. Crim. App. 1975). Orders need not contain all of these elements to be upheld. *Id.* Like all judgments, the sentence should be sufficient on its face without need for resort to evidence regarding its meaning. *See Ex parte Lewis*, 414 S.W.2d 682, 683 (Tex. Crim. App. 1967). If a written cumulation order differs from the orally pronounced order and the trial court's oral pronouncement of sentence conforms with the law and makes clear the court's intent, we can reform the cumulation order on appeal. *See Sullivan v. State*, 387 S.W.3d 649, 652 (Tex. Crim. App. 2013).

Appellant was tried on five charges, acquitted on Counts I-III, and convicted on Counts IV and V. There is a separate written judgment for each count even though they were tried under the same cause number. For Count IV, the court assessed a sentence of 16 years and 15 months in prison. For Count V, the court assessed a sentence of five years and seven months. Underneath the prison term in both judgments, the judgment states "This sentence shall run consecutively." The stacking language does not contain any of the information suggested in *Ward*. *See* 523 S.W.2d at 682. Appellant contends that these judgments do not sufficiently inform prison officials how to implement the cumulation. We agree, but we also note that the cumulation portion of the written judgment differs from the orally pronounced sentence.

2

When pronouncing sentence in open court, the trial court stated the following:

> THE COURT: With all of that in mind, I'm going to sentence you in Count I—because the last time you messed with her she was 16—to 16 years and 15 months relative to the age of your daughter. I don't care how the judgment actually reads, but the point is, it's been said 16 years and 15 months. That would equate to 17 years and three months. I don't—but I'm telling you, that's how I'm calculating it: 16 years for [your victim] and 15 months for the age so that you'll remember each and every one of those last months on that sentence. Do you understand?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: That's the point of it being worded that way. And as to Count II—which will be stacked on Count I to run consecutive—five years for the age of [your son] because you're doing it to—you're affecting him, too.
>
> THE DEFENDANT: I understand, Your Honor. I know.
>
> THE COURT: And seven months for the age of your youngest child. I want the sentence to mean something to you. That's why I've picked those numbers in addition to what I think is, based upon the evidence, a sentence that is substantiated by the evidence in this case. It's not just some pie-in-the-sky pick a number. Because if, in fact, you have changed, then maybe this will, in fact, mean something to you. But if you haven't, it doesn't matter what the number is. It's not going to affect you. So the sentence needs to be something that is sufficient that would protect society for a substantial period of time.

Appellant contends that these sentences cannot validly cumulate because the trial court refers to "Count I" and "Count II" on which he was acquitted. However, the court was at punishment considering only two offenses and had earlier in the punishment hearing referred to the convictions for Count IV and V. Given the nature of the charges and the idiosyncratic sentences imposed, it is clear that "Count I" of the oral pronouncement corresponds with the written judgment for the original Count IV (16 years and 15 months) and "Count II" of the oral pronouncement corresponds with the written judgment for the original Count V. Based on the court's oral pronouncement that

3

"Count II—which will be stacked on Count I to run consecutive," the written judgments should be modified to reflect that the sentence for Count V will be served consecutively to the sentence served for Count IV.

We modify the judgments in this cause by striking the sentence from both judgments that reads, "This sentence shall run consecutively." Modeling on the language used by the Texas Court of Criminal Appeals in *Ward*, 523 S.W.2d at 682, we substitute the following language:

> The sentence imposed in cause number CR2014-012 as to Count IV for sexual assault of a child (16 years and 15 months) shall begin immediately. The sentence imposed in CR2014-012 as to Count V for indecency with a child by contact (five years and seven months) shall commence when the judgment imposed in cause number CR2014-012 as to Count IV has ceased to operate. Both sentences were announced in open court by the 433rd District Court on September 4, 2014, and memorialized in judgments signed on September 10, 2014.

We affirm the judgments as modified.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Field

Modified and, as Modified, Affirmed

Filed: June 21, 2016

Do Not Publish