

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00131-CR
No. 02-21-00132-CR

_____

ALBERT JASON ROBLES, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court Nos. 1618334D, 1618523D

Before Kerr, Bassel, and Walker, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

Albert Jason Robles appeals from his convictions for sexual assault of a child under 17 years of age and for indecency with a child by sexual contact. *See* Tex. Penal Code Ann. §§ 21.11(a)(1), 22.011(a)(2). After a jury assessed his punishment, the trial court sentenced Robles to 15 years' confinement for the former offense and 5 years' confinement for the latter and ordered that the sentences run consecutively. In two issues, Robles complains (1) that the trial court's cumulation orders were void for lack of specificity and (2) that the trial court improperly denied Robles's request to instruct the jury not to consider whether his sentences would run concurrently or consecutively. We hold that although the trial court did not err by denying Robles's requested instruction, the written judgments require modification to conform the trial court's oral pronouncement regarding cumulation. As modified, we will affirm both judgments.

## I. Background

The indictment in trial-court cause number 1618334D charged Robles with one count of sexual assault of a child under 17 years of age. The indictment in trial-court cause number 1618523D charged Robles with three counts: two counts of indecency with a child by sexual contact and one count of improper relationship between educator and student. Robles pleaded guilty to the sole count in cause number 1618334D and to one count of indecency with a child in cause number 1618523D in exchange for the State's agreement to waive the remaining counts in cause number

1618523D and to dismiss two other cases pending against Robles for child-pornography possession and online solicitation of a minor.

The case proceeded to a jury trial on punishment on the sexual-assault and indecency-with-a-child offenses. During deliberations, the jury sent out two notes. The first asked, "Is the imposition of jail time separate or served concurrently (two charges), or are they additive? Please explain." The trial court informed Robles and the State that because sentence cumulation is within the trial court's discretion, it planned to tell the jury that the trial court was not allowed to answer the question. The State had no objection, but Robles asked the trial court to also include "language that [the jurors] not consider whether or not the sentences would be run concurrent or consecutive in their deliberations since they do not know." The trial court refused, fearing that such a statement would be a comment on the weight of the evidence. The trial court responded to the first jury note as follows: "Members of the jury, the Court's not allowed to answer your question. Please continue deliberating." The State had no objection to the trial court's response, and Robles responded, "Nothing further, Your Honor."

The second jury note asked, "Is it the judge's purview to use the jury's sentencing to be served as concurrent or separate, meaning additive, if we give prison time?" The trial court responded, "Members of the jury, in response to your question contained in Jury Note Number 1 and Jury Note Number 2, the law does not allow

3

the Court to answer your question. Please continue your deliberations." Neither the State nor Robles objected to this response.

The jury assessed Robles's punishment at 15 years in prison for sexual assault and 5 years in prison for indecency with a child. The trial court sentenced Robles accordingly. The State then asked the trial court to "stack" the sentences. The trial court orally ordered the sentences to run consecutively and stated that Robles would serve the 15-year sentence first and the 5-year sentence would "begin to run after that." Each of the trial court's judgments state that "THIS SENTENCE SHALL RUN CONSECUTIVELY."

Robles has appealed,[1] and in two issues, challenges the trial court's cumulation orders and its refusal to instruct the jury on cumulation. We address these issues in reverse order because doing so aids in our disposition of this appeal.

---

[1]The trial court's certification of Robles's right of appeal in each case stated that this "is not a plea-bargain case, and the defendant has the right of appeal." But the State's agreement to waive two counts in cause number 1618523D and to dismiss two other cases pending against Robles in exchange for Robles's guilty pleas appeared to be a charge bargain, which qualifies as a plea bargain subject to Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *see also Barnard v. State*, No. 02-19-00184-CR, 2021 WL 832650, at *1 (Tex. App.—Fort Worth Mar. 4, 2021, no pet.) (mem. op., not designated for publication) ("[T]he record shows a charge bargain with Barnard going 'open' to the court for punishment. The guilty plea itself was not open (it was settled); rather, it was the punishment to be imposed based on the guilty plea that was open (it was not settled)."). We were thus concerned that the certifications were defective because they did not accurately reflect the record. *See* Tex. R. App. P. 25.2(d). We notified the parties of our concern, and the trial court signed two amended certifications, each stating that this "is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal."

## II. The Jury Instructions

We must review "all alleged jury-charge error . . . regardless of preservation in the trial court."[2] *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In reviewing a jury charge, we first determine whether error occurred; if not, our analysis ends. *Id.* In Robles's second issue, he complains that the trial court erred by denying his requested jury instruction in response to the jury's first note asking whether Robles's sentences would run concurrently or consecutively. *See* Tex. Penal Code Ann. § 3.03(b)(2)(A); Tex. Code Crim. Proc. Ann. art. 42.08(a). Robles contends that the trial court should have instructed the jury that it should not consider whether the sentences would run concurrently or consecutively.

When, as here, sentence cumulation is permissible, the decision to impose cumulative or concurrent sentencing is within the trial court's exclusive discretion.[3] *See*

---

[2]This is not the typical jury-charge case. It is a response-to-a-jury-note case. *See* Tex. Code Crim. Proc. Ann. art. 36.16 (providing that trial court may give "further charge" to jury upon jury's request after closing arguments have begun), art. 36.27 (stating that jury may communicate with trial court in writing and that court "shall answer any such communication in writing"). "Article 36.27 . . . requires the court to answer communications of the jury and give additional instructions upon questions of law when the request is proper. If not, the court should inform the jury that their request is not proper by referring to the court's charge." *Gamblin v. State*, 476 S.W.2d 18, 20 (Tex. Crim. App. 1972); *cf. Lucio v. State*, 353 S.W.3d 873, 875 (Tex. Crim. App. 2011) (explaining that trial court's substantive response to jury note "essentially amounts to a supplemental jury instruction" and must "comply with the same rules that govern charges").

[3]Robles does not dispute that the trial court could cumulate his sentences. *See* Tex. Penal Code Ann. §§ 3.02(a), 3.03(b)(2)(A). Nor does he argue that the trial court abused its discretion by doing so.

5

Tex. Penal Code Ann. § 3.03(b)(2)(A); Tex. Code Crim. Proc. Ann. art. 42.08(a); *Beedy v. State*, 250 S.W.3d 107, 110 (Tex. Crim. App. 2008); *Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006). It is "improper for a trial court to instruct a jury on the consecutive sentencing law or to inform it of the effect such law might have on how long a defendant might serve." *Stewart v. State*, 221 S.W.3d 306, 316 (Tex. App.—Fort Worth 2007, no pet.) (citing *Clay v. State*, 102 S.W.3d 794, 798 (Tex. App.—Texarkana 2003, no pet.)); *see, e.g.*, *Tellez v. State*, No. 08-13-00141-CR, 2015 WL 5449728, at *7–8 (Tex. App.—El Paso Sept. 16, 2015, pet. ref'd) (not designated for publication) (concluding that defendant was not entitled to jury instruction regarding trial court's authority to order sentences to be served concurrently or consecutively after jury note asking whether the sentences would be served concurrently or consecutively); *Villarreal v. State*, No. 13-08-00601-CR, 2010 WL 2638486, at *2 (Tex. App.—Corpus Christi–Edinburg June 29, 2010, no pet.) (mem. op., not designated for publication) (stating that because trial court's instructing jury regarding its discretion to run sentences concurrently or consecutively would have been improper, trial court did not err by failing to do so); *Peterson v. State*, Nos. 01-02-00603-CR, 01-02-00604-CR, 2003 WL 22681607, at *5 (Tex. App.—Houston [1st Dist.] Nov. 13, 2003, pet. ref'd) (mem. op., not designated for publication) (finding no error when trial court did not provide instruction on cumulation after jury asked whether sentences would run consecutively). Because sentence cumulation here was within the trial court's exclusive discretion and because a jury instruction about cumulation would have been

6

improper, we conclude and hold that the trial court did not err by refusing to instruct the jury that it should not consider whether Robles's sentences would run concurrently or consecutively. We thus overrule Robles's second issue.

### III. The Cumulation Orders

Robles's first issue challenges the trial court's cumulation orders, arguing that neither the cumulation portion of each written judgment nor the trial court's oral sentence pronouncement was sufficiently specific.

A trial court may order sentences to run consecutively by using language that is sufficiently specific to enable prison authorities to know how long to detain the prisoner under the sentences. *Stokes v. State*, 688 S.W.2d 539, 540 (Tex. Crim. App. 1985); *see* Tex. Code Crim. Proc. Ann. art. 42.08(a). The Texas Court of Criminal Appeals recommends that cumulation orders contain five elements: (1) the trial-court cause number of the prior conviction; (2) the correct name of the court where the prior conviction was taken; (3) the date of the prior conviction; (4) the term of years of the prior conviction; and (5) the nature of the prior conviction. *Stokes*, 688 S.W.2d at 540; *Ward v. State*, 523 S.W.2d 681, 682 (Tex. Crim. App. 1975). Inclusion of all five recommended elements is not mandatory. *Stokes*, 688 S.W.2d at 540. But the order should be sufficiently clear so that it may be understood without having to refer to other evidence. *See id.* (citing *Ex parte Lewis*, 414 S.W.2d 682, 683 (Tex. Crim. App. 1967)). When a cumulation order is not sufficiently clear, an appellate court may reform the order and affirm as modified if the necessary information is in the record.

7

*See Banks v. State*, 708 S.W.2d 460, 461–62 (Tex. Crim. App. 1986) (concluding that appellate court can modify deficient cumulation order if trial court's oral pronouncement of sentence contains sufficient information); *see also* Tex. R. App. P. 43.2(b).

Here, the jury assessed a 15-year sentence on the sexual-assault charge (cause number 1618334D) and a 5-year sentence on the indecency-with-a-child charge (cause number 1618523D). Each of the trial court's written conviction judgments state that "THIS SENTENCE SHALL RUN CONSECUTIVELY." Robles argues this language is insufficient and does not amount to a proper written cumulation order because it does not state which sentence will be served first, does not state that one sentence will begin when the other ceases to operate, and does not state "if the sentence will even run consecutively with the other sentence handed down the same day or a matter within the same criminal transaction."[4] *See Stokes*, 688 S.W.2d at 540; *Ward*, 523 S.W.2d at 682.

We agree that the written cumulation orders lack specificity, but the trial court's oral sentence pronouncement made clear the court's intent:

THE COURT: All right.

---

[4]Robles claims that "[t]hroughout the punishment trial, several potential crimes were alleged[,] and there is nothing in the record precluding the prosecution from going forward on those potential criminal cases." But the State agreed to waive the other counts in cause number 1618523D and to dismiss two other cases pending against Robles in exchange for his pleading guilty. And according to the record, Robles had no other convictions at the time he was sentenced.

> Mr. Robles, the jury, having found you guilty and set your sentences at fifteen and five years respectively in Cause Numbers 1618334 and 1618523, I'll order these sentences to run consecutively. They will be stacked. You will serve 1618334, the 15-year sentence first, 1618523 will be consecutive and begin to run after that.

Contrary to Robles's assertion that the trial court did not state what "after that" meant, the trial court's oral pronouncement contains sufficient information for us to reform the cumulation portions of the written judgments. *See Banks*, 708 S.W.2d at 461–62; *see also Sanders v. State*, No. 2-08-058-CR, 2008 WL 4445644, at *9–11 (Tex. App.—Fort Worth Oct. 2, 2008, no pet.) (per curiam) (mem. op., not designated for publication) (modifying cumulation order based on information from oral pronouncement).

Accordingly, we modify the judgment in each cause by adding the following language after "THIS SENTENCE SHALL RUN CONSECUTIVELY":

> The sentence imposed by the 297th District Court on September 15, 2021, in cause number 1618334D for sexual assault of a child under 17 years of age (15 years) shall begin to run immediately. The sentence imposed by the 297th District Court on September 15, 2021, in cause number 1618523D for indecency with a child by sexual contact (5 years) shall commence when the sentence imposed in cause number 1618334D has ceased to operate.

*See, e.g.*, *Mason v. State*, No. 03-14-00562-CR, 2016 WL 3582571, at *2 (Tex. App.—Austin June 21, 2016, pet. ref'd) (mem. op., not designated for publication); *Sanders*, 2008 WL 4445644, at *11.

## IV. Conclusion

Having overruled Robles's two issues, we affirm the judgments as modified. *See* Tex. R. App. P. 43.2(b).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 4, 2022